IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ESCAPEX IP, LLC, | § § | |
| Plaintiff, | § § § | Civil Action No. 6-22-cv-00428-ADA |
| vs. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § | |
| Defendant. | § § § | |

**<u>GOOGLE'S ANSWER TO FIRST AMENDED COMPLAINT</u>**

Defendant Google LLC ("Google") states the following as its Answer to the First Amended Complaint of Plaintiff EscapeX IP, LLC ("Plaintiff" or "EscapeX") in the above-entitled action in the correspondingly numbered paragraphs. Any factual allegation admitted below is limited to the specifically stated facts and not as to any assumptions, implications, inferences, conclusions, characterizations, or speculations that may be associated with any of the specifically admitted facts or allegations. Unless expressly admitted, each and every allegation, including any implication, inference, conclusion, characterization, or speculation, including in any headings or non-numbered paragraphs, is denied.

1. Google lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 and accordingly denies them.

2. Google admits that Google LLC is a Delaware corporation with a principal address of 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it maintains an office in Austin, Texas and that it is registered to do business in Austin, Texas. Except as expressly admitted, Google denies each and every allegation of paragraph 2.

1

3.     Google admits that it provides services to users in Texas, including the Western District. Google denies that it has committed any acts of infringement in this District or any other district. Except as expressly admitted, Google denies each and every allegation of paragraph 3.

4.     Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. Except as expressly admitted, Google denies each and every allegation of paragraph 4.

5.     Google does not contest personal jurisdiction in this District solely for the purpose of this action. Google specifically denies that it has committed any acts of infringement within this District or any other district. Except as expressly admitted, Google denies each and every allegation of paragraph 5.

6.     Google does not contest that venue is proper in this District solely for the purpose of this action. Google denies that this venue is convenient for the parties and witnesses or serves the interest of justice under 28 U.S.C. § 1404(a) and reserves the right to seek transfer to a more convenient forum. Google admits that it conducts business in Texas. Google denies that it has committed any acts of infringement in this District or any other district. Except as expressly admitted, Google denies each and every allegation of paragraph 6.

7.     Google admits that U.S. Patent No. 9,009,113 ("the '113 Patent") bears the title "System and Method for Generating Artist-Specified Dynamic Albums," and on its face indicates an issue date of April 14, 2015. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7 and accordingly denies them.

8.     Google denies each and every allegation of paragraph 8.

9.     Google denies each and every allegation of paragraph 9.

10. Google admits that Plaintiff's Complaint attaches as an exhibit a table purporting to support Plaintiff's allegations of infringement. Google denies that support for any allegations of infringement may be found in said exhibit and specifically denies that it has committed any acts of infringement. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 10 and accordingly denies them.

11. Google denies each and every allegation of paragraph 11.

12. Google denies each and every allegation of paragraph 12.

13. Google denies each and every allegation of paragraph 13.

## RESPONSE TO JURY DEMAND

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond. To the extent that any allegations are included in the demand, Google denies these allegations.

## RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Google denies that Plaintiff is entitled to any of the requested relief. To the extent that any allegations are included in the prayer, Google denies these allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Google alleges and asserts the following defenses in response to Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denoted below. All defenses are pled in the alternative and do not constitute any admission of liability. In addition to the defenses described below, and subject to its responses above, Google specifically reserves all rights to allege additional

affirmative and other defenses that become known based on further investigation, as a result of discovery, or otherwise.

## FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

In addition to failing to meet the standard for pleading required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiff's Complaint does not state any viable claim on which relief may be granted. Plaintiff has also failed to provide any basis for damages, accounting, or any other relief sought.

## SECOND DEFENSE
### (ENSNAREMENT)

Plaintiff's claims of patent infringement under the doctrine of equivalents, if any, are barred under the doctrine of ensnarement.

## THIRD DEFENSE
### (NON-INFRINGEMENT)

Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '113 Patent.

## FOURTH DEFENSE
### (INVALIDITY)

The claims of the '113 Patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

The claims of the '113 Patent are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

The claims of the '113 Patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art and/or the knowledge of one of ordinary skill in the art.

The claims of the '113 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## FIFTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

On information and belief, due to admissions and statements made to the United States Patent and Trademark Office during the prosecution of the applications that resulted in the asserted patent or related patent applications, Plaintiff is estopped from construing a valid and enforceable claim, if any, of the '113 Patent as infringed literally or under the doctrine of equivalents by the Google products accused in Plaintiff's Complaint.

## SIXTH DEFENSE
## (LIMITATION OF DAMAGES)

Plaintiff's claims for relief are barred, in whole or in part, by operation of the applicable statutes which limit damages and other relief, including 35 U.S.C. §§ 284, 286, 287, and/or 288. Even if Plaintiff were to prevail on a claim of infringement, Plaintiff is not entitled to any damages before notice of or after expiration of the asserted patent.

## SEVENTH DEFENSE
## (EQUITABLE DEFENSES)

On information and belief, Plaintiff's claims are estopped or barred, in whole or in part, by the doctrines of waiver, unclean hands, equitable estoppel, laches, acquiescence, and/or other equitable defenses.

## EIGHTH DEFENSE
## (EXHAUSTION)

On information and belief, Plaintiff exhausted the ability to claim infringement by Google of any valid and enforceable claim of the '113 Patent.

## NINTH DEFENSE
## (LACK OF STANDING)

To the extent EscapeX IP, LLC does not own all substantial rights in the '113 Patent, it lacks standing to pursue some or all of its claims against Google.

## PRAYER FOR RELIEF

WHEREFORE, Google denies that EscapeX is entitled to any relief whatsoever on its complaint and respectfully requests that this Court enter judgment as follows:

a. Dismissing Plaintiff's Complaint against Google with prejudice;

b. Finding that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the '113 Patent;

c. Finding that the '113 Patent is invalid and unenforceable;

d. Declaring that this case is exceptional in favor of Google and that Google is entitled to an award of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e. Limiting or barring Plaintiff's ability to enforce the '113 Patent in equity;

f. Granting Google such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Google hereby demands a trial by jury on all issues so triable.

Dated: July 5, 2022

Respectfully submitted,

*/s/ Brian C. Banner*
Brian C. Banner (TX Bar No. 24059416)
bbanner@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
tel: 512.402.3550
fax: 512.402.6865

***Attorney for Defendant Google LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Brian C. Banner*
Brian C. Banner
*Attorney for Defendant Google LLC*