# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ESCAPEX IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6-22-cv-00428-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S MOTION UNDER 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO
<u>THE NORTHERN DISTRICT OF CALIFORNIA</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ........................................................................................................... 2

   A.   Plaintiff's Allegations ........................................................................................ 2

   B.   Defendant's Relevant Witnesses and Documents are in the NDCA or
       Otherwise Outside of Texas .............................................................................. 2

   C.   Plaintiff Has No Real Ties to the WDTX ............................................................ 3

   D.   Relevant Third-Party Witnesses are in the NDCA ............................................. 4

III.    LEGAL STANDARD ................................................................................................... 4

IV.     THE PRIVATE AND PUBLIC FACTORS WEIGH IN FAVOR OF TRANSFER............ 5

   A.   The Private Interest Factors Favor Transfer ....................................................... 5

     1.   The Most Important Factor—Convenience of Witnesses—Strongly
        Favors Transfer.......................................................................................... 5

     2.   Availability of Compulsory Process Favors Transfer ..................................... 7

     3.   Relative Ease of Access to the Evidence Favors Transfer ............................ 11

     4.   Other Practical Problems for an Easy, Expeditions, and Inexpensive
        Case Weigh in Favor of Transfer .............................................................. 12

   B.   The Public Interest Factors Favor Transfer ....................................................... 12

     1.   Local Interest Favors Transfer to the NDCA ............................................... 12

     2.   Relative Court Congestion Between the NDCA and the WDTX ................... 14

     3.   The Two Remaining Public Interest Factors are Neutral .............................. 15

V.     CONCLUSION ............................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*Bristol-Myers Squibb v. Ben Venue Lab'y*,
  246 F.3d 1368 (Fed. Cir. 2001) ................................................ 9

*EscapeX IP LLC v. Apple, Inc.*,
  6:22-cv-00427 (W.D. Tex. Sept. 9, 2022) ................................ 9

*In re Apple Inc.*,
  No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ............... 14

*In re Apple, Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) ......................................... 7

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ........................................... 12

*In re DISH Network L.L.C.*,
  No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ............ 7, 12

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................... 5, 11, 15

*In re Google Inc.*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ................. 12

*In re Google LLC*,
  No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ........... 2, 15

*In re Google LLC*,
  No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) ...... 2, 12, 13, 14

*In re Google LLC*,
  No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ........ 2, 11, 15

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) .......................................... 13

*In re HP Inc.*,
  No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ................ 7

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ..................................... passim

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011) ........................................ 1, 6

*In re Pandora Media, LLC*,
  No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021) ............. 7, 10

*In re Samsung Elecs. Co.*,
    2 F.4th 1371 (Fed. Cir. 2021) ............................................................. 12

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) ............................................................. 8

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) .......................................................... 4, 12

*In re WMS Gaming Inc.*,
    564 F. App'x 579 (Fed. Cir. 2014) ...................................................... 15

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ............................................................................. 5

*Lynk Labs, Inc. v. Home Depot USA, Inc.*,
    6:21-cv-00097-ADA, 2022 WL 1593366 (W.D. Tex. Dec. 8, 2021) ........................................ 7

*Motion Offense, LLC v. Google LLC*,
    No. 6:21-cv-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022) ........................... 7, 11

*Parkervision, Inc. v. Intel Corp.*,
    No. 6:20-CV-00108, 2021 WL 401989 (W.D. Tex. Jan. 26, 2021) ........................................ 14

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    No. 6:19-cv-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 6, 2020) ........................... 5, 11

*Polaris Innovations Ltd. v. Dell, Inc.*,
    No. 16-cv-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ........................................ 12

*Receivership Estate of AudienceScience Inc. v. Google LLC*,
    No. 6:21-cv-1209-ADA, 2022 WL 3705022 (W.D. Tex. Aug. 18, 2022) .............................. 14

*Super Interconnect Techs. v. Google LLC*,
    No. 6:21-CV-00259-ADA, 2021 WL 6015465 (W.D. Tex. Nov. 5, 2021)............... 5, 7, 13, 15

*Traxcell Technologies, LLC, v. Google LLC*,
    No. 6:21-cv-1312-ADA, 2022 WL 3593054 (W.D. Tex. Aug. 22, 2022) .............................. 14

*VoIP-Pal.com, Inc. v. Google LLC*,
    No. 6:20-cv-00269-ADA, 2022 WL 4546553 (W.D. Tex. Sept. 21, 2022) .................... 1, 6, 14

*XY, LLC v. Trans Ova Genetics, LC*,
    No. 16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ...................................... 13

iii

## I.  INTRODUCTION

Google LLC ("Google") respectfully requests transfer of this action to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a) because the NDCA is clearly the more convenient forum for this lawsuit.

This case belongs in the NDCA, where key relevant witnesses are located and evidence is created and maintained. Google's witnesses with knowledge about (1) the design and development of the accused YouTube Playlist "Auto Add" feature and (2) Google's own prior art work in Google's offices in the NDCA. Moreover, a substantial portion of the sources of proof are also created and maintained in Google's NDCA offices and not in the Western District of Texas ("WDTX"). In addition, a number of potentially relevant third parties, such as at least six prior artists, are located within or subject to the subpoena power of the NDCA.

In contrast, this case has no meaningful connection to the WDTX. While Google has an office in Austin, none of Google's potential trial witnesses are located there. And while Plaintiff asserts it is a Texas LLC with its principal place of business located in Travis County, Texas, its recent formation and transfer of patent rights just before filing lawsuits in the WDTX reveals its presence in this district is "recent, ephemeral, and a construct for litigation . . . exist[ing] for no other purpose than to manipulate venue . . . in anticipation of litigation." *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011). "Little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, 2022 WL 4546553, at *8 (W.D. Tex. Sept. 21, 2022) (quoting *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021)) ("*Google-VoIP-Pal.com*").

The Federal Circuit has explained that transfer should be granted in these circumstances: when "no witnesses reside [in the WDTX]; no evidence is present there; [] none of the conduct

giving rise to this action took place there," and the "only connection . . . between this case and the Western District of Texas is that Google has a general presence in the district." *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) ("*Google-Jenam*"); *see In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021) ("*Google-Sonos*"); *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *3 (Fed. Cir. Nov. 15, 2021) ("*Google-Express*").

## II.  BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff accuses Google of infringing a single patent, U.S. Patent No. 9,009,113 ("the '113 patent"). Second Amended Complaint, Dkt. 15 ("SAC") ¶¶ 9–10. Plaintiff alleges the '113 patent is directed to a "method and system that facilitate artist-specified dynamic albums that include music that may be changed with or without intervention by a user at a user device at which a dynamic album has been stored." SAC ¶ 8. The SAC accuses Google's YouTube Playlist "Auto Add" feature ("Accused Auto Add Feature") on YouTube's main application (i.e., distinct from YouTube Music) of infringing claim 1 of the '113 patent. SAC, Ex. A at 2–5. As best understood, the SAC alleges infringement when the Accused Auto Add Feature automatically adds an artist's video to a playlist based on a user's input. *Id.* The Accused Auto Add Feature was a small feature and was removed in 2020—long before this lawsuit was filed. Decl. of Andreas Katsiapis ¶ 3 ("Katsiapis Decl.").

### B.  Defendant's Relevant Witnesses and Documents are in the NDCA or Otherwise Outside of Texas

Google was founded in the NDCA and has continued to maintain its headquarters there. The employees with the most relevant knowledge about the Accused Auto Add Feature are assigned to Google's Northern California Offices. *Id.* ¶¶ 2–4. During the creation of the Accused

Auto Add Feature, each member of the small team that designed and developed the Accused Auto Add Feature was assigned to Google's YouTube offices in San Bruno, California (in the NDCA). *Id.* ¶ 4. Only four members of that team still work at Google: three are still assigned to Google's Northern California Offices and one is now assigned to Google's Zurich, Switzerland Office. *Id.* The relevant source code, product requirement, and technical documents for the Accused Auto Add Feature were created and are maintained primarily in the NDCA. *Id.* ¶ 5.

In addition, Google has identified prior art systems released by Google years before the '113 patent's October 2014 priority date. One such system is the YouTube Music Discovery Project (also called "YouTube Disco") that was released in 2010. Decl. of Umang Sharan ¶ 2 ("Sharan Decl."). Much like the allegations in the SAC, YouTube Disco automatically generated a list of songs (e.g., added artist's videos to a playlist) based on a user's input. *Id.* ¶ 4. During the inception of YouTube Disco, each member of the small team responsible for YouTube Disco was assigned to Google's YouTube offices in San Bruno, California (in the NDCA). *Id.* ¶ 5. All five members of that team still work at Google: four still in Google's offices in the San Francisco Bay Area and one now in Washington D.C. *Id.* ¶ 6. The relevant source code and technical documentation for YouTube Disco were created and are maintained primarily in the NDCA. *Id.* ¶ 7.

### C.  Plaintiff Has No Real Ties to the WDTX

Plaintiff is a patent assertion entity allegedly setup as a Texas limited liability company with its principal place of business located in Travis County, Texas. SAC ¶ 1. According to the Texas Comptroller of Public Accounts, Plaintiff registered as a Texas LLC on March 24, 2022, only about a month before Plaintiff filed this lawsuit. Banner Decl., Ex. B. The '113 patent was previously owned by an entity based in Hong Kong and was assigned to Plaintiff on April 8, 2022, less than three weeks before Plaintiff filed this lawsuit. *See id.*, Ex. E; Complaint, Dkt. 1 (filed

April 28, 2022). Other than setting up an LLC in this district for the purpose of filing lawsuits in this Court, Plaintiff does not appear to have any connection to the WDTX. According to the face of the '113 patent, the sole inventor, Sephi Joseph Shapira, resides in Ramot Hasavim, Israel. SAC, Dkt. 15-2 at 1. The attorney that prosecuted the '113 patent, Hean L. Koo, is a partner at Pillsbury Winthrop Shaw Pittman LLP in Northern Virginia. Banner Decl., Exs. C–D.

### D. Relevant Third-Party Witnesses are in the NDCA

Google has identified at least six third-party witnesses who are likely to be relevant to Google's defense and who are subject to the subpoena power of the NDCA and not the WDTX: four who reside in the NDCA and two who reside in other parts of California. Sean Anderson (San Francisco, CA) developed the prior art "Streamus" browser extension at least as early as February 2014. *Id.*, Exs. F–G. Michael Schneider (Los Angeles, CA) and Brock Batten (Los Angeles, CA) started a company named Mobile Roadie (headquartered in Palo Alto, CA) that released prior art artist-specific applications in 2009 and continues to do so today. *Id.*, Exs. J–L. Emily Clark Schubert (San Jose, CA), William Bull (Mountain View, CA), and Ben Rottler (San Francisco Bay Area, CA) are inventors listed on relevant patent prior art. *Id.*, Exs. N–R.

### III. LEGAL STANDARD

To evaluate transfer under 28 U.S.C. § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] … [(5)] the administrative difficulties flowing from court congestion; [(6)] the local interest in having localized interests decided at home; [(7)] the familiarity of the forum with the law that will govern the case; and [(8)] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

4

*Id.* at 315 (citations and quotation marks omitted).

## IV. THE PRIVATE AND PUBLIC FACTORS WEIGH IN FAVOR OF TRANSFER

As an initial matter, Plaintiff could have brought its case in the NDCA because Google is headquartered there. Accordingly, that court could properly exercise personal jurisdiction over Google and venue would be proper in that district. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). As explained below, the private and public factors also weigh in favor of transfer to the NDCA.

### A.      The Private Interest Factors Favor Transfer

The private interest factors strongly favor transfer to the NDCA because Google's potential trial witnesses pertaining to (1) the Accused Auto Add Feature and (2) Google's own prior art are both located there and the majority of Google's technical documents pertaining to (1) the Accused Auto Add Feature and (2) Google's own prior art were created and are maintained there. *See supra*, Section II.B (and evidence cited therein). Moreover, at least six third-party prior artists and some of their documents appear to be located within the subpoena power of the NDCA. In contrast, this case has no legally meaningful connection to the WDTX beyond a single prior artist located in Austin, TX.

#### 1.   *The Most Important Factor—Convenience of Witnesses—Strongly Favors Transfer*

"The convenience of witnesses is the single most important factor in the transfer analysis." *Super Interconnect Techs. v. Google LLC*, No. 6:21-CV-00259-ADA, 2021 WL 6015465, at *3 (W.D. Tex. Nov. 5, 2021); *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432-ADA, 2020 WL 4905809, at *5 (W.D. Tex. Aug. 6, 2020); *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Here, where Google's witnesses are located in the NDCA along with many relevant third party and prior art witnesses (addressed further below), and only one potentially relevant witness is in the WDTX, the convenience of the witnesses favors transfer. *Google-VoIP-Pal.com*,

2022 WL 4546553, *5 (holding the willing witness factor favors transfer when there are multiple witnesses in the NDCA and only one witness in the WDTX).

The Accused Auto Add feature (1) was one small feature of the much larger YouTube platform, (2) was developed and maintained by a small engineering team, and (3) was removed from YouTube in 2020. Katsiapis Decl. ¶¶ 3–4. Accordingly, at this time Google has identified four potential trial witnesses at Google related to the accused product. Three of these witnesses at Google responsible for the Accused Auto Add feature (the technical lead, an additional software engineer, and the product specialist) are located in the NDCA. *Id.* ¶ 4. In addition, Google has identified at least one potential trial witness at Google related to the prior art YouTube Disco product. This witness, one of the engineers who worked on the YouTube Disco prior art product, is located in the NDCA. Sharan Decl. ¶¶ 2–3.

Moreover, nothing suggests the NDCA would be less convenient for Plaintiff. Plaintiff is a patent assertion entity that—just weeks before filing multiple lawsuits in this district—was formed in the WDTX and obtained the rights to the '113 patent. Banner Decl., Exs. B, E. Thus, Plaintiff's presence in this district is "recent, ephemeral, and a construct for litigation . . . exist[ing] for no other purpose than to manipulate venue . . . in anticipation of litigation." *In re Microsoft*, 630 F.3d at 1365. "Little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *Google-VoIP-Pal.com*, 2022 WL 4546553, *8 (quoting *In re Juniper Networks*, 14 F.4th at 1320). Additionally, the prosecuting attorney for the asserted patents is located in Northern Virginia, (Banner Decl., Exs. C–D), and the sole inventor of the asserted patents is located in Israel (SAC, Dkt. 15-2 at 1). Plaintiff's predecessor, EscapeX

Limited, is located in Hong Kong. Banner Decl., Ex. E. In short, Google is not aware of any willing witnesses relevant to this case who reside in the WDTX.

Because four identified party witnesses (Google's witnesses) are in the NDCA, and none are in WDTX, that is where the litigation should be conducted. *See In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *6 (Fed. Cir. Oct. 13, 2021) ("[T]he litigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business."); *see also Lynk Labs, Inc. v. Home Depot USA, Inc.*, 6:21-cv-00097-ADA, 2022 WL 1593366, at *12 (W.D. Tex. Dec. 8, 2021) (granting motion to transfer).

### 2.  *Availability of Compulsory Process Favors Transfer*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Super Interconnect*, 2021 WL 6015465, at *5. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014). "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *Super Interconnect*, 2021 WL 6015465, at *5 (*citing In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) *and In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)). Because at least six third-party witnesses relevant to Google's invalidity defenses are either located in or subject to the subpoena power of the NDCA, but only one third-party witness is within reach of the WDTX, this factor favors transfer. *See Motion Offense, LLC v. Google LLC*, No. 6:21-cv-00514-ADA, 2022 WL 5027730, at *5 (W.D. Tex. Oct. 4, 2022)

7

(weighing the compulsory process factor "heavily in favor of transfer" where "third-party prior art witnesses" resided in the NDCA).

To date, Google has identified at least six third-party witnesses located in California (bolded along with relevant California companies in the list below) who are likely to be relevant to Google's defense:[1]

1.    **Sean Anderson** (San Francisco, CA): developer of a third-party extension to Google's Chrome browser called "Streamus" that was available to the public at least as early as February 2014. Banner Decl., Exs. F–G. The Streamus extension allowed a user to turn the Chrome "browser into a full fledged YouTube music player." *Id.*, Ex. F at 2. Streamus included an "integrated radio feature" so that it would "never run out of music." *Id.*, Ex. F at 7. To achieve that result, "Streamus will ***auto add*** similar songs to [a playlist] and keep on playing." *Id.* (emphasis added).

2.    **Michael Schneider** (Los Angeles, CA) and **Brock Batten** (Los Angeles, CA), the two founders of **Mobile Roadie** (a company headquartered in Palo Alto, CA). Banner Decl., Exs. J–L. In 2009, Mobile Roadie released its artist-specific application platform at the South by Southwest conference in Austin, Texas. *Id.*, Ex. H at 1. The Mobile Roadie app is likely relevant prior art because the '113 patent claims recite methods and systems "for updating a dynamic album that includes a set of songs stored in relation to and played by ***an artist specific***

---

[1] Although Google is continuing to develop its case, this list is inclusive of all prior artists located to date in California. Google has identified several prior artists outside either California or Texas (e.g., two in the United Kingdom and five on the East Coast) and only one in Texas (who Google acknowledges and discusses below). Of course, when comparing the ability of the transferee and transferor forums to secure the attendance of witnesses, "the presence of other witnesses and documents in places outside both forums" is irrelevant. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.").

*application* associated with an artist." *E.g.*, '113 patent, claims 1 & 14 (emphasis added). "The first live app to be created using the Mobile Roadie platform was for the band Black Lips." Banner Decl., Ex. H at 1. A 2011 publication explained that Mobile Roadie designed an artist-specific application for Madonna, an application that "can be used for the same purposes as a website: promoting new music, videos, and shows; selling merchandise and music, posting news . . ." *Id.*, Ex. I. The Mobile Roadie website indicates that in 2012, "[a]pps created with the Mobile Roadie platform reach[ed] 20 million users in total." *Id.*, Ex. H at 3. And in 2013, Adele's artist-specific application reached 1.5 million downloads. *Id.*, Ex. H at 4. Witnesses with knowledge of the Mobile Roadie application are likely located in the NDCA because Mobile Roadie has its headquarters in Palo Alto, California. *Id.*, Ex. J. In addition, the founders are within the subpoena power of the NDCA because they both live in Los Angeles. *Id.*, Exs. K–L.

3. **Witnesses at Apple** (Cupertino, CA). At least as early as 2012, Apple's iTunes included features Plaintiff accused of infringement in a related case that was recently dismissed with prejudice, following Apple raising *inter alia* that this feature was prior art. *See EscapeX IP LLC v. Apple, Inc.*, 6:22-cv-00427, Motion to Dismiss, Dkt. 13 & 13-6 at 1 (W.D. Tex. Sept. 9, 2022); *id.*, Order Granting Motion to Dismiss, Dkt. 24 (W.D. Tex. Oct. 26, 2022). Of course, "it is axiomatic that that which would literally infringe if later anticipates if earlier." *Bristol-Myers Squibb v. Ben Venue Lab'y*, 246 F.3d 1368, 1378 (Fed. Cir. 2001). Witnesses with technical knowledge of the iTunes products are likely located at Apple's headquarters in the NDCA. Banner Decl., Ex. M (evidence of Apple's HQ). At the time it filed this motion, Google had not been able to identify any specific Apple witnesses in the NDCA. Google reserves the right to identify additional witnesses, for example, in the event discovery reveals Plaintiff has additional information related to the formerly-accused Apple iTunes product.

4.      Likewise, three third-party inventors listed on relevant patent prior art are believed to live and work in the NDCA: **Emily Clark Schubert** (San Jose, CA), **William Bull** (Mountain View, CA), and **Ben Rottler** (San Francisco Bay Area, CA). *Id.*, Exs. N–R. Ms. Schubert is one of the inventors of U.S. Patent No. 8,224,927, and Messrs. Bull and Rottler are the inventors of U.S. Patent No. 8,634,944. *Id.*, Exs. N–O. These two patents are all directed to dynamic music playlist management, i.e., similar to what is described and claimed in the '113 patent. *Id.*

In contrast, Google is aware of only one relevant third-party witness within this district's subpoena power (Policarpo Wood (Austin, Texas) inventor of U.S. Patent No. 8,819,553 directed to generating a playlist using metadata tags). *Id.*, Exs. S–T. Besides this sole prior artist, Google is aware of no other relevant third-party witnesses within this district's subpoena power. Plaintiff's predecessor, EscapeX Limited, is located in Hong Kong. *Id.*, Ex. E. The attorney that prosecuted the '113 patent, Hean L. Koo at Pillsbury Winthrop Shaw Pittman LLP, is located in Northern Virginia. *Id.*, Exs. C–D. The sole named inventor on the asserted patents resides in Ramot Hasavim, Israel, not in Texas. SAC, Dkt. 15-2 at 1. Even assuming these witnesses would need to travel a greater distance to reach the NDCA than the WDTX, this would not negate transfer to the NDCA. As the Federal Circuit recently explained in *Pandora*, for those "non-party witnesses, [they] 'will likely have to leave home for an extended period' whether or not the case was transferred, and thus those witnesses would be only slightly more inconvenienced by having to travel to California than to Texas." 2021 WL 4772805, at *5.

Because at least six potential third-party witnesses are within the subpoena power of the NDCA, but only one is within reach of the WDTX, this factor weighs heavily in favor of transfer.

*See Motion Offense*, 2022 WL 5027730, at *5 (compulsory process factor weighed "heavily in favor of transfer" where majority of "third-party prior art witnesses" resided in the NDCA).

### 3. *Relative Ease of Access to the Evidence Favors Transfer*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Parus Holdings*, 2020 WL 4905809, at *3 (citing *In re Genentech*, 566 F.3d at 1345). "[T]he location of document custodians and location where documents are created and maintained, [] may bear on the ease of retrieval." *Google-Express*, 2021 WL 5292267, at *2. Here, the relevant sources of proof from Google and likely third parties were created and are maintained in the NDCA, whereas there are no known sources of relevant evidence in the WDTX.

The vast majority of Google's sources of proof were created and are maintained by employees based in the NDCA. Katsiapis Decl. ¶ 5; Sharan Decl. ¶ 7. Google largely created and currently maintains the technical documents relevant to the Accused Auto Add Feature in the NDCA. Katsiapis Decl. ¶ 5. Those documents are normally created and maintained by the employees who worked on the accused feature. *Id.* Three of the four current Google employees from the team that designed and developed the Accused Auto Add Feature are in the NDCA and none are in WDTX. *Id.* ¶ 4. Additionally, the documents relevant to Google's YouTube Disco prior art were created and are maintained in the NDCA. Sharan Decl. ¶ 7. Four of the five Google employees who worked on YouTube Disco are in the NDCA and none are in WDTX. *Id.* ¶ 6. In other words, Google is not aware of any relevant documents created or maintained in the WDTX concerning the design and development of the Accused Auto Add Feature or Google's YouTube Disco. Moreover, documents on iTunes and Mobile Roadie that are relevant to potential invalidity

defenses may be kept at or created and maintained from both Apple's and Mobile Roadie's headquarters in the NDCA. Banner Decl., Exs. J, M. Thus, this factor favors transfer.

### 4. *Other Practical Problems for an Easy, Expeditions, and Inexpensive Case Weigh in Favor of Transfer*

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315. This factor is neutral. This case and the parallel case against SiriusXM—the only other related case currently pending in this district—are in their early stages and this Court has not yet had occasion to gain substantive familiarity with the '113 patent. In fact, SiriusXM has yet to even be served. At the very least, the mere co-pendency of Plaintiff's suit against SiriusXM at this early stage does not weigh against transfer, especially where differences between the parties' independently developed products (i.e., Google's video-streaming platform and SiriusXM's music-streaming platform) would "result in significantly different discovery, evidence, proceedings, and trial." *In re DISH Network*, 2021 WL 4911981, at *3 (citation omitted); *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379–80 (Fed. Cir. 2021); *see also In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (rejecting the district court's rationale that the co-pendency of related suits with co-pending transfer motions weighed against transfer).

### B. The Public Interest Factors Favor Transfer

### 1. *Local Interest Favors Transfer to the NDCA*

Local interests in deciding local disputes favors transfer. This factor evaluates "significant connections between a particular venue and *the events that gave rise to a suit*." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (citation omitted); *Google-Jenam*, 2021 WL 4592280, at *5. Moreover, "headquarters in a certain location gives [it] a strong local interest." *Polaris Innovations Ltd. v. Dell, Inc.*, No. 16-cv-451-XR, 2016 WL 7077069, at *11 (W.D. Tex. Dec. 5, 2016); *XY,*

*LLC v. Trans Ova Genetics, LC*, No. 16-CA-00447-RP, 2017 WL 5505340, at *9 (W.D. Tex. Apr. 5, 2017) (holding that the "district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case"). Here, not only is Google headquartered in the NDCA, but the "events that form the basis for [Plaintiff's] infringement claims against Google occurred in the Northern District of California where Google developed the accused [product]." *Google-Jenam*, 2021 WL 4592280, at *5. Google was founded in the NDCA, has its headquarters in the NDCA, its potential witnesses reside there, the Accused Auto Add Feature was designed, developed, and maintained there (Katsiapis Decl. ¶¶ 4–5), and Google's own prior art was designed, developed, and maintained there (Sharan Decl. ¶¶ 5–7). Moreover, many prior art witnesses reside in the NDCA (*see* Section IV.A.2). "The NDCA would certainly have an interest in this case because the cause of action 'calls into question the work and reputation of several individuals residing in or near that district.'" *Super Interconnect*, 2021 WL 6015465, at *10 (*citing In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)).

In contrast, the WDTX has no specific connection to the events giving rise to this suit. Google's general presence in Austin does not weigh against transfer. *Google-Jenam*, 2021 WL 4592280, at *5 ("The fact that a party may have a general presence in a particular district does not give that district a special interest in the case."); *see also In re Juniper Networks*, 14 F.4th at 1320–21. Nor does the fact that Google's servers or users of Google's services are distributed nationwide "give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche*, 587 F.3d at 1338; *Google-Jenam*, 2021 WL 4592280, at *5 ("[Plaintiff's] reference to the sale in the Western District of Texas of Google products that used the accused protocol does not give that district a substantial interest in the dispute.").

While Google has deep and broad connections to the NDCA that are directly relevant to this lawsuit, Plaintiff itself has only a "recent and ephemeral" connection to this forum that is legally insufficient to create a comparable local interest in the WDTX. *Google-VoIP-Pal.com*, 2022 WL 4546553, *8 (holding "[l]ittle or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum") (quoting *In re Juniper Networks*, 14 F.4th at 1320); *see also Google-Jenam*, 2021 WL 4592280, at *5–6 (concluding that even "[Plaintiff's] status as a Texas entity is insufficient").

Because the events giving rise to this suit are concentrated in the NDCA, Plaintiff has no legally relevant connection to the WDTX (its presence is "recent and ephemeral"), and Google has nothing more than a general presence in the WDTX, this factor favors transfer.

### 2. *Relative Court Congestion Between the NDCA and the WDTX*

The public interest factor weighing administrative difficulties flowing from court congestion is neutral. This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). Recently, the Federal Circuit noted that "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics." *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021). But even assuming this case will proceed to trial faster in the WDTX than in the NDCA, any such temporal advantage is too speculative to meaningfully alter the transfer analysis. The Court recently transferred two Google cases from the WDTX to the NDCA—despite a presumed faster time to trial in the WDTX than the NDCA—after explaining that the time to trial factor "is speculative." *Receivership Estate of AudienceScience Inc. v. Google LLC*, No. 6:21-cv-1209-ADA, 2022 WL 3705022, at *6 (W.D. Tex. Aug. 18, 2022); *see also Traxcell Technologies, LLC, v. Google LLC*, No. 6:21-cv-1312-ADA, 2022 WL 3593054 (W.D. Tex. Aug.

22, 2022); *Super Interconnect*, 2021 WL 6015465, at *9 (*citing In re Genentech*, 566 F.3d at 1347);

*Google-Sonos*, 2021 WL 4427899, at 7; *Google-Express*, 2021 WL 5292267, at *3. Additionally,

the "prospective speed with which [a] case might be brought to trial" is not "of particular

significance" where the plaintiff "does not practice the patent and therefore . . . is not in need of a

quick resolution of [a] case because its position in the market is threatened." *In re WMS Gaming

Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014); *see also In re Juniper Networks*, 14 F.4th at 1322.

Thus, at most, this factor should be given neutral weight.

### 3.  *The Two Remaining Public Interest Factors are Neutral*

The final two factors, familiarity with the law and avoidance of problems of conflicts of

law or application of foreign law, are neutral. Both forums are familiar with patent law, and there

is no prospect for any conflict of laws.

## V.  CONCLUSION

Private interest factors 1–3 weigh in favor of transfer. Private interest factor 4 is neutral.

Public interest factor 1 weighs in favor of transfer. And public interest factors 2–4 are, at most,

neutral. Thus, the Court should transfer this case to the NDCA—a more convenient forum—in the

interest of justice under 28 U.S.C. § 1404(a).


Dated: November 21, 2022             Respectfully submitted,


                         */s/ Brian C. Baner*
                         Brian C. Banner (TX Bar No. 24059416)
                         bbanner@sgbfirm.com
                         Darryl J. Adams (TX Bar No. 00796101)
                         dadams@sgbfirm.com
                         Truman H. Fenton (TX Bar No. 24059742)
                         tfenton@sgbfirm.com
                         Tecuan Flores (TX Bar No. 24084569)
                         tflores@sgbfirm.com
                         SLAYDEN GRUBERT BEARD PLLC

401 Congress Ave., Suite 1650
Austin, TX 78701
tel: 512.402.3550
fax: 512.402.6865
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

 /s/ Brian C. Banner
Brian C. Banner
*Attorney for Defendant*
