Kate E. Lazarus (SBN 268242)
klazarus@kblfirm.com
Asim M. Bhansali (SBN 194925)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

Additional attorneys listed on signature page.

Attorneys for Defendant
GOOGLE LLC

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ESCAPEX IP LLC, | § CASE NO. 4:22-cv-08711-HSG |
| | § |
| Plaintiff, | § **GOOGLE LLC'S NOTICE OF MOTION** |
| | § **AND MOTION FOR ATTORNEYS'** |
| v. | § **FEES PURSUANT TO 35 U.S.C. § 285** |
| | § |
| GOOGLE LLC, | § <u>Hearing</u> |
| | § Date: June 29, 2023 |
| Defendant. | § Time: 2 p.m. |
| | § Dept.: 2 |
| | § Judge: Hon. Haywood S. Gilliam, Jr. |
| | § |
| | § Date Filed: April 28, 2022 |
| | § Trial Date: None set |
| | § |
| | § |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................... 3

    A. Plaintiff EscapeX IP LLC ....................................................................................... 3

    B. Plaintiff Files this Lawsuit Relying on Combination of Features of Distinct
        Products ...................................................................................................................... 4

    C. Plaintiff's Second Amended Complaint Accuses YouTube Video's Auto
        Add Feature—a Feature that Predates the '113 Patent .......................................... 5

    D. Google Requests Dismissal in View of Fatal Case Deficiencies Including
        (1) Asserting Infringement by the Prior Art and (2) Invalidity Under
        § 101 ........................................................................................................................... 5

    E. Google Incurs Attorneys' Fees while Plaintiff Willfully Ignores Google's
        Repeated Requests ................................................................................................... 8

    F. Judge Furman (SDNY) Invalidates the '113 Patent, Google Seeks
        Dismissal, and Plaintiff Makes a False Representation to this Court ..................... 9

    G. Plaintiff's Early Dismissals and Failure to Prosecute are Part of a Pattern ..................... 10

III. LEGAL STANDARD ................................................................................................... 11

IV. ARGUMENT ................................................................................................................ 12

    A. Google is the Prevailing Party ................................................................................ 12

    B. This Case Is Exceptional ......................................................................................... 13

        1. Plaintiff Failed to Perform an Adequate Pre-Suit Investigation ..................... 13

        2. Plaintiff Litigated this Case in an Unreasonable Manner .............................. 15

        3. This Case is Part of a Pattern of Abusive Litigation by DynaIP and Its
            Counsel .......................................................................................................... 19

V. CONCLUSION .............................................................................................................. 21

**TABLE OF AUTHORITIES**

**Cases**

*ALD Social, LLC v. Google, LLC*,
    No. 6:22-cv-00972-FB (W.D. Tex. Sept. 16, 2022) .............................................................. 19

*Ask Sydney, LLC v. Google, LLC*,
    No. 6:23-cv-00111-XR (W.D. Tex. Feb. 13, 2023) .............................................................. 19

*AttestWave, LLC v. Google, LLC*,
    No. 6:22-cv-01102-OLG (W.D. Tex. Oct. 24, 2022) ............................................................ 19

*Bayer CropScience AG v. Dow AgroSciences LLC*,
    851 F.3d 1302 (Fed. Cir. 2017) ...................................................................................... 13, 14

*Big Baboon, Inc. v. SAP America*, *Inc.*,
    No. 17-cv-02082-HSG (EDL), 2019 WL 5088784 (N.D. Cal. Sept. 9, 2019),
    *report and recommendation adopted by*, 2019 WL 5102644 (N.D. Cal. Oct.
    11, 2019), *aff'd*, 819 F. App'x 928 (Fed. Cir. Sept. 2, 2020) ........................................ 17, 19

*Bristol-Myers Squibb Co. v. Ben Venue Lab'ys, Inc.*,
    246 F.3d 1368, 1378 (Fed. Cir. 2001) ................................................................................. 6

*CTD Networks, LLC v. Google, LLC*,
    No. 6:22-cv-01042-XR (W.D. Tex. Oct. 6, 2022) ............................................................... 19

*Eon-Net LP v. Flagstar Bancorp*,
    653 F.3d 1314, 1327 (Fed. Cir. 2011) ................................................................................ 20

*EscapeX IP LLC v. Apple Inc.*,
    No. 6:22-cv-00427-ADA (W.D. Tex. Apr. 28, 2022) .......................................................... 10

*EscapeX IP LLC v. Block Inc.*,
    No. 1:22-cv-03575-JMF (S.D.N.Y. Jan. 24, 2023) ............................................................... 8

*EscapeX IP LLC v. Digital Trends*,
    No. 1:22-cv-03512-CM (S.D.N.Y. Apr. 29, 2022)........................................................ 10, 15

*EscapeX IP LLC v. Google LLC*,
    No. 6:22-cv-00428-ADA (W.D. Tex. Apr. 28, 2022) .......................................................... 19

*EscapeX IP LLC v. Rockbot Inc.*,
    2:22-cv-00130-RWS-RSP (E.D. Tex. Apr. 29, 2022) ......................................................... 10

*EscapeX IP LLC v. Sirius XM Int'l Inc.*,
    No. 6:22-cv-00430-ADA (W.D. Tex. Apr. 28, 2022) .......................................................... 10

*Finnavations LLC v. Payoneer*, Inc.,
    No. 1:18-cv-00444-RGA, 2019 WL 1236358 (D. Del. Mar. 18, 2019) .............................. 17

*Flick Intel., LLC v. Google, LLC*,
    No. 6:23-cv-00051-ADA (W.D. Tex. Jan. 26, 2023) ........................................................... 19

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    876 F.3d 1372 (Fed. Cir. 2017) .......................................................................................... 17

*Kilopass Tech., Inc. v. Sidense Corp.*,
    738 F.3d 1302 (Fed. Cir. 2013) ..................................................................... 1

*Koji IP, LLC v. Google, LLC*,
    No. 6:23-cv-00138-DC-DTG (W.D. Tex. Feb. 22, 2023) .................................. 19

*Logic Devices, Inc. v. Apple Inc.*,
    No. C 13-02943 WHA, 2014 WL 6844821 (N.D. Cal. Dec. 4, 2014) ................. 17

*LS Cloud Storage Techs., LLC v. Google LLC*,
    No. 6:22-cv-00318-ADA (W.D. Tex. Mar. 25, 2022) ....................................... 19

*Mesa Digital, LLC v. Google, LLC*,
    No. 6:22-cv-00574-ADA (W.D. Tex. Jun. 3, 2022) .......................................... 19

*My Health, Inc. v. ALR Techs., Inc.*,
    No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221 (E.D. Tex. Dec. 19, 2017),
    *report and recommendation adopted by*, 2018 WL 11327219 (E.D. Tex. Nov.
    30, 2018) ......................................................................................................... 18

*Octane Fitness LLC v. Icon Health & Fitness, Inc.*,
    572 U.S. 545 (2014) .............................................................................. 1, 11, 14

*Order, P.S. Prods., Inc. v. Panther Trading Co.*,
    No. 4:22-cv-00473-JM (E.D. Ark. Jan. 30, 2023) .......................................... 19

*Pedersen v. Google LLC*,
    No. 6:21-cv-01152-ADA (W.D. Tex. Nov. 9, 2021) ......................................... 19

*Raniere v. Microsoft Corp.*,
    887 F.3d 1298 (Fed. Cir. 2018) ..................................................................... 12

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,
    No. CV 19-6359-GW-JCx, 2020 WL 7889048 (C.D. Cal. Nov. 23, 2020),
    *aff'd*, 41 F.4th 1372 (Fed. Cir. 2022) ............................................................ 12

*Romag Fasteners, Inc. v. Fossil, Inc.*,
    866 F.3d 1330 (Fed. Cir. 2017) ............................................................... 12, 16

*SafeCast Ltd. v. Google, LLC*,
    No. 6:22-cv-00678-ADA (W.D. Tex. Jun. 27, 2022) ........................................ 19

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344 (Fed. Cir. 2015) ............................................................... 12, 18

*Shipping & Transit, LLC v. 1A Auto, Inc.*,
    283 F. Supp. 3d 1290 (S.D. Fla. 2017) ..................................................... 19, 20

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
    892 F.3d 1175 (Fed. Cir. 2018) ..................................................................... 11

*Thermolife Int'l LLC v. GNC Corp.*,
    922 F.3d 1347 (Fed. Cir. 2019) ........................................................ 11, 13, 14

*Traxcell Techs., LLC v. Google LLC*,
    No. 3:22-cv-04807-JSC (N.D. Cal. Oct. 25, 2022) .......................................... 18

- iii -

*Traxcell Techs., LLC v. Google LLC,*
    No. 6:21-cv-01312-ADA (W.D. Tex. Dec. 16, 2021) ......................................................... 19

*Traxcell Techs., LLC. v. AT&T Corp.,*
    No. 2:17-cv-00718-RWS-RSP, 2022 WL 949951 (E.D. Tex. Mar. 29, 2022),
    *report and recommendation adopted by*, 2022 WL 18507378 (E.D. Tex. Dec.
    22, 2022) ................................................................................................................................. 21

*Valjakka v. Google LLC*, No. 6:22-cv-00004-ADA
    (W.D. Tex. Jan. 3, 2022) ......................................................................................................... 19

*VIAAS, Inc. v. Google LLC*, No. 6:22-cv-01048-KC
    (W.D. Tex. Oct. 6, 2022) ......................................................................................................... 19

*WirelessWerx IP, LLC v. Google, LLC,*
    No. 6:22-cv-01056-RP (W.D. Tex. Oct. 7, 2022) ................................................................ 19

*WPEM, LLC v. SOTI Inc.,*
    No. 2:18-CV-00156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ................... 14, 16, 20

*ZT IP, LLC v. VMware, Inc.,*
    No. 3:22-CV-0970-X, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023) .............................. 16, 20

**Statutes**

35 U.S.C. § 285 ....................................................................................................................... *passim*

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on June 29, 2023, at 2 p.m., or as soon thereafter as this matter may be heard by the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, located at 1301 Clay Street, Oakland, CA 94612, Defendant Google LLC will and hereby does move the Court under 35 U.S.C. § 285 and the Court's inherent powers for an order granting Google its reasonable attorneys' fees incurred in this litigation. Google makes this request as the prevailing party following Plaintiff's voluntary dismissal with prejudice (Dkt. No. 40). Google bases its motion on this notice, the accompanying memorandum of points and authorities, the supporting declarations of Brian C. Banner and Asim M. Bhansali, all pleadings and documents on file in this action, and other such materials or arguments as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

"The aim of [an award under] § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013). As the Supreme Court has instructed, when deciding whether to award fees, a court can consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). EscapeX's conduct in this case is exactly what § 285 is intended to deter. Its lawsuit against Google was frivolous from the very start and, despite Google repeatedly pointing out the multiple fatal flaws in EscapeX's claim, EscapeX refused to dismiss, forcing Google and the courts to expend needless resources.

*First*, there is no dispute that Plaintiff failed to undertake a reasonable pre-suit investigation because, in its original complaint against Google, it improperly mixed and matched features of distinct products to make its allegations.

*Second*, after Google put EscapeX on notice of the baselessness of its claim, Plaintiff amended its complaint to accuse Google's YouTube Video "Auto Add" feature of infringement. But, as Google repeatedly pointed out, publicly available information confirms that the newly accused feature predates the asserted patent and thus, under EscapeX's theory of infringement, would invalidate the asserted patent.

*Third*, EscapeX was put on notice as early as September 8, 2022, that the asserted patent is invalid when Southern District of New York ("SDNY") Judge Colleen McMahon explicitly advised EscapeX that defendant Digital Trend's motion to dismiss under 35 U.S.C § 101 "raises serious Alice issues [and a decision] may affect cases relating to the same patent, but against different defendants…" To avoid an unfavorable ruling that would void its claims in the six other pending cases asserting the same patent, Plaintiff voluntarily dismissed the Digital Trends case before Judge McMahon, but continued to pursue its claims against Google and the other defendants, including a second SDNY case against Block, Inc. pending in front of a different judge, Judge Jesse M. Furman.

*Fourth*, shortly after EscapeX dismissed the case before Judge McMahon, Google once again notified EscapeX about the fatal flaws in its case, explaining both that the accused feature predated the patent and that the patent was invalid under § 101. Google also notified EscapeX that it would be seeking transfer of the case to the Northern District of California ("NDCA"). Rather than engaging on the transfer issues or dismissing its case in light of clear notice of the baselessness of its claim, EscapeX simply ignored Google's letter and subsequent attempts to get a response.

Google was thus forced to expend significant resources filing a motion to transfer, which EscapeX also ignored. The Western District of Texas ("WDTX") subsequently granted the motion as unopposed after noting EscapeX's failure to respond.

It was not until Judge Furman (the other SDNY case), found the asserted patent invalid under § 101 that EscapeX finally dismissed its suit against Google, but only after *Google* approached EscapeX seeking dismissal prior to this Court's pre-CMC deadlines.

Plaintiff's conduct was not harmless. To the contrary, its filing of this suit without conducting a reasonable investigation, continued maintenance of this suit despite repeated notice of its defects, and unreasonable conduct during the case forced Google to incur attorneys' fees and costs spent investigating and documenting EscapeX's frivolous claim as well as preparing and filing a motion to transfer that the WDTX court ultimately granted as unopposed.

In view of Plaintiff's inadequate pre-suit investigation and subsequent unreasonable litigation conduct, Google respectfully requests that the Court find this case exceptional under § 285 and award Google its reasonable attorneys' fees and costs.

## II. STATEMENT OF FACTS

### A. Plaintiff EscapeX IP LLC

Plaintiff is a patent assertion entity formed as a Texas limited liability company. Dkt. No. 15 ¶ 1. According to the Texas Comptroller of Public Accounts, Plaintiff registered as a Texas LLC on March 24, 2022, a month before Plaintiff filed this lawsuit. Ex. 1.[1] Plaintiff did not file a corporate disclosure statement (as required by Federal Rule of Civil Procedure 7.1), but public

---

[1] Citations to exhibits ("Ex.") refer to the exhibits attached to the Declaration of Brian C. Banner.

information suggests that Plaintiff is a subsidiary of Dynamic IP Deals LLC ("DynaIP"), an entity that purports to specialize in "intellectual property monetization."[2]

### B. Plaintiff Files this Lawsuit Relying on Combination of Features of Distinct Products

Plaintiff filed its original complaint on April 28, 2022, in the Waco Division of the WDTX, asserting infringement of U.S. Patent No. 9,009,113 ("the '113 patent"). It then filed a first amended complaint ("FAC") on May 23, 2022 because the original complaint included the incorrect patent number. Dkt. No. 8. On April 28 and May 3, Plaintiff also filed six other cases alleging infringement of the '113 patent. *See infra*, Part I.G. Plaintiff is represented by the Ramey LLP law firm in all seven lawsuits. Dkt. No. 1 at 5–6.

As with other complaints filed by this same counsel, the FAC consists of a thin five pages; it purported to accuse only "Google's YouTube Music" as infringing the '113 patent. Dkt. No. 8 ¶¶ 11–12 and "Prayer for Relief." EscapeX and its counsel presumably accused YouTube *Music* since the asserted claim recites a "computer implemented method for updating *a dynamic album that includes a set of songs* stored in relation to and played by an artist specific application associated with an artist…" *Id.* (emphasis added). Yet, in Exhibit A attached to the complaint as a claim chart, while purporting to accuse YouTube *Music*, EscapeX actually pointed to a different product, YouTube *Video*, for nearly all the limitations of asserted claim 1. *Id.* at 3–5. In fact, in cobbling together its allegations, EscapeX pointed to YouTube *Music* as meeting the preamble

---

[2] *See* Unified Patents, $3,000 for Dynamic IP Deals entity EscapeX IP prior art (May 25, 2022), https://www.unifiedpatents.com/insights/2022/5/25/3000-for-dynamic-ip-deals-entity-escapex-ip-prior-art (last visited March 16, 2023); Dynamic IP Deals LLC, https://dynaipdeals.com/ (last visited March 16, 2023). DynaIP has filed nearly 300 cases in the past 30 months through shell companies formed solely to own and assert patents—apparently with the sole aim of forcing nuisance-value settlements. Plaintiff's counsel appears to be complicit in, if not a part of, DynaIP's abusive litigation tactics, as Ramey LLP is listed as having a financial interest in at least two other DynaIP cases filed against Google. Ex. 2–3. Google is a repeat target of both DynaIP and Ramey LLP, having been sued 15 times since November 2021 by plaintiff's counsel (five of those—including this case—by known DynaIP entities). *See infra*, nn. 7–8.

and the "playing…" limitation while importing YouTube ***Video's*** Auto Add feature for all other limitations of claim 1. *Id.* But YouTube ***Music*** and YouTube ***Video*** are two separate products; something any reasonable pre-suit investigation would have revealed and a fact Google conveyed in a letter to Plaintiff on August 5, 2022. Ex. 4 at 1–2.

### C. Plaintiff's Second Amended Complaint Accuses YouTube Video's Auto Add Feature—a Feature that Predates the '113 Patent

On August 14, Plaintiff effectively admitted its pre-filing investigation was inadequate and provided a "claim chart in rebuttal" which now identified YouTube Video as the infringing product based on its Auto Add feature. Ex. 5. On August 29, 2022, Plaintiff filed a second amended complaint ("SAC") alleging infringement by YouTube Video's Auto Add feature. Dkt. No. 15-1 at 1–2. On October 27, 2022, Plaintiff served infringement contentions ("ICs"). Ex. 6. The ICs maintained the allegations against the Auto Add feature and asserted that "[t]he '113 patent claims an earliest priority date of October 21, 2014. This is the priority date for all asserted claims." *Id.* at 2; *see also id.* at 6 (claim chart).

As support for its damages period, EscapeX asserted that the "Start of Auto-Add feature" is 2015-07-26 (*id.* at 9) and the "End of Auto-Add feature" is 2021-03-03 (*id.* at 10). This is incorrect. As Google told EscapeX (*see infra*, Part I.D), publicly available information confirms the accused Auto Add feature was publicly available and in use at least as early as June 16, 2014— four months before the '113 patent's earliest October 21, 2014 priority date.

### D. Google Requests Dismissal in View of Fatal Case Deficiencies Including (1) Asserting Infringement by the Prior Art and (2) Invalidity Under § 101

On November 7, Google sent a second letter to Plaintiff setting forth two independent reasons that EscapeX's suit should be dismissed. Ex. 7.

First, Google explained that "EscapeX's investigation into the Accused Auto Add Feature was woefully deficient as the Auto Add feature … predates the '113 patent." Ex. 7 at 1–2. Google provided EscapeX with clear, indisputable evidence:

> For example, an internet search of the phrase "youtube 'auto add'" resulted in multiple videos prior to October 21, 2014 that show the accused Auto Add Feature in use:
>
> - June 16, 2014: "How To: Schedule Videos To Auto Add To Playlists Using Tags On YouTube," https://www.youtube.com/watch?v=rEd-RxiBASo.[3]
>
> - July 22, 2014: "YouTube Playlist Settings - Auto Add," https://www.youtube.com/watch?v=7A7-FvfNQk0.
>
> - August 19, 2014: "Auto Upload Videos to a YouTube Playlist," https://www.youtube.com/watch?v=YNZ8SQf0Gug.
>
> - September 7, 2014: "YouTube - Daily YouTube Tips - Episode 29 – 'Playlist Auto-Add'," https://www.youtube.com/watch?v=xSAmRhGMqbw.

*Id.* at 2.

In fact, Google even provided a comparison between a screenshot in Plaintiff's infringement chart (Dkt. No. 15-1 at 1) and a screenshot from the July 22, 2014 YouTube video, which confirms that the exact same features accused of infringement were available prior to the '113 patent's priority date.

---

[3] As of the filing of this motion, this video has been made private (as indicated when following the link). It was not private when Google sent its November 7 letter. The video is still available on the Internet Archive at https://web.archive.org/web/20200829163923/https://www.youtube.com/watch?v=rEd-RxiBASo&gl=US&hl=en.



*Id.* at 3 (ICs, left; July 22, 2014 YouTube video, right). As Google explained:

> EscapeX's infringement theory is without merit because "it is axiomatic that that which would literally infringe if later anticipates if earlier." *Bristol-Myers Squibb Co. v. Ben Venue Lab'ys, Inc.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) (citations omitted). Thus, EscapeX's allegations render the '113 patent invalid and EscapeX must dismiss this lawsuit.

*Id.*

Second, Google's November 7 letter also explained that EscapeX's patent was invalid, citing Judge McMahon's September 8, 2022 statements in the Digital Trends SDNY case:

> The '113 patent is invalid under 35 U.S.C. § 101 "for reasons already raised by other defendants in parallel proceedings against Digital Trends and Block in the Southern District of New York. Tellingly, EscapeX promptly dismissed its case against Digital Trends after Judge McMahon stated that the defendant's § 101 motion "raises serious Alice issues . . . [and] [t]he court wishes to decide the outstanding motion promptly, as it may affect cases relating to the same patent, but against different defendants, that are pending before other judges of the court." *Digital Trends*, Dkt. No. 19 (Sept. 8, 2022).
>
> EscapeX knows the '113 patent is likely invalid for failure to claim patentable subject matter. Thus, it is unreasonable for EscapeX to continue to force Google to incur fees related to the meritless allegations in this case.

*Id.* at 5–6.

Google's letter put Plaintiff on notice that Google would seek fees under § 285 if Plaintiff refused to dismiss its meritless claims. *Id.* at 8. Google specifically provided early notice "so that the parties and the Court may avoid unnecessary expenditure of time and money by disposing of an action that has no colorable basis in law or fact." *Id.*

Finally, Google informed Plaintiff of its intent to file a motion to transfer the case from the WDTX to the more convenient NDCA, and warned that "Google should not have to incur the expenses related to a transfer motion and additional motion practice thereafter in a baseless lawsuit such as this." *Id.* Google asked for a response by November 14. *Id.*

### E. Google Incurs Attorneys' Fees while Plaintiff Willfully Ignores Google's Repeated Requests

Plaintiff ignored Google's November 7 letter, as well as its November 16 follow-up email. Banner Decl. ¶ 27; Ex. 8. Google thus was forced to spend time and resources to file a motion to transfer the case to the NDCA. Dkt. No. 18. Plaintiff never opposed that motion nor sought any discovery as provided for under the WDTX court's standing orders. On December 12, Judge Albright granted Google's motion because "Plaintiff did not file a response … [and] the Court considers this Motion unopposed." Dkt. No. 22 at 2. Tellingly, Judge Albright noted:

> Most troublesome here is that the same counsel representing this same plaintiff has already been chastised by this Court for his repeated failure to file in a timely manner. … Counsel failed to heed that warning.

*Id.* at 3.

Following the transfer order, Google again emailed Plaintiff's counsel on December 13, 2022, re-attaching Google's November 7 letter. Ex. 9. Plaintiff did not respond to that email. Banner Decl. ¶ 27. On December 21, Google's counsel called Plaintiff's counsel, and Plaintiff's counsel asked that Google forward the November 7 letter, which Google did that same day. Ex. 10. Once again, Plaintiff ignored the letter. Banner Decl. ¶ 27. On January 3, 2023, Google emailed Plaintiff to ask if a response was forthcoming. Ex. 11. Plaintiff's counsel replied the following day (January 4), stating "I've explained what is going on to the client and am waiting for a response. I asked again yesterday and haven't heard back yet. I'm going to start pushing for a response from them." Ex. 12. A response never came. Banner Decl. ¶ 27.

**F. Judge Furman (SDNY) Invalidates the '113 Patent, Google Seeks Dismissal, and Plaintiff Makes a False Representation to this Court**

On January 24, 2023, Judge Furman invalidated the '113 patent under 35 U.S.C. § 101 in the SDNY case against Block, Inc.[4] *See* Opinion and Order, Dkt. No. 30, *EscapeX IP LLC v. Block Inc.*, No. 1:22-cv-03575-JMF (S.D.N.Y. Jan. 24, 2023). Plaintiff did not file a notice of appeal within 30 days of that judgment, rendering it final and non-appealable on January 24. Meanwhile, EscapeX still provided no substantive response to Google's November 7 letter or its repeated attempts to follow-up. Banner Decl. ¶ 27. Nor did EscapeX dismiss its suit against Google.

On March 2, 2023, having still heard nothing from EscapeX and with this Court's pre-CMC deadlines looming, Google sent yet another letter to Plaintiff demanding dismissal of this lawsuit. Ex. 13. Finally, on March 3, without any discussion with or review by Google, Plaintiff filed a purported "Joint Stipulation of Dismissal" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. No. 37. The filing stated that the parties jointly stipulated to dismissal with prejudice as to the patent-in-suit, and that the parties "further jointly stipulate and agree that each party shall bear its own costs, expenses and attorneys' fees." *Id.* at 2. The filing included the electronic signatures of Plaintiff's counsel, Susan Kalra and Mr. Ramey, and purported to include that of Google's counsel Kate Lazarus. *Id.* Further, the joint stipulation included a signature attestation, stating: "Pursuant to Civil Local Rule 5-1(i)(3) [sic], I, Susan Kalra, attest that concurrence in the filing of this document has been obtained from Defendants' counsel." *Id.* at 3. All of the above assertions in the filing were false, however, and the use of Google's counsel's signature was unauthorized.

---

[4] EscapeX previously dismissed its *other* SDNY suit against Digital Trends after Judge McMahon stated the '113 patent had "serious Alice [§ 101] issues." *See infra*, Part I.G.

Plaintiff did not obtain Google's consent to file the joint stipulation or use Ms. Lazarus's signature, much less even send the joint stipulation to Google for review. Banner Decl. ¶ 28. Indeed, Google's counsel had never seen the "joint stipulation" and were not aware of its terms until after receiving an ECF notice of the filing.

Google immediately notified Plaintiff of the unauthorized filing and requested that Plaintiff withdraw the filing and notify the Court that it had been filed without agreement or consent. Ex. 14. Although Plaintiff attempted to withdraw the filing, it did so without informing the Court of the reason for the withdrawal. Dkt. No. 38. On March 7, after obtaining agreement from Plaintiff, Google filed a Joint Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii). Dkt. No. 40. The stipulation dismisses Google with prejudice and, because there was never an agreement on fees and costs, is silent as to any allocation of fees and costs. *Id.*

### G. Plaintiff's Early Dismissals and Failure to Prosecute are Part of a Pattern

Plaintiff's behavior in this suit is part of a pattern demonstrating its lack of belief in the merits of its cases asserting the '113 patent. Plaintiff also sued Sirius XM in the WDTX on the same day it sued Google. *See EscapeX IP LLC v. Sirius XM Int'l Inc.*, No. 6:22-cv-00430-ADA (W.D. Tex. Apr. 28, 2022). However, Plaintiff failed to prosecute, never served the defendant, and then voluntarily dismissed the case on February 16, 2023 (i.e., weeks after Judge Furman invalidated the '113 patent). Plaintiff also sued Apple Inc. in the WDTX on the same day it sued Google. *See EscapeX IP LLC v. Apple Inc.*, No. 6:22-cv-00427-ADA (W.D. Tex. Apr. 28, 2022). On September 9, 2022, Apple filed a motion to dismiss the case. *Id.*, Dkt. No. 13. Plaintiff did not respond to the motion to dismiss, but instead voluntarily dismissed Apple with prejudice on October 25, 2022. *Id.* Dkt. No. 23. Plaintiff sued Rockbot in the Eastern District of Texas. *EscapeX IP LLC v. Rockbot Inc.*, 2:22-cv-00130-RWS-RSP (E.D. Tex. Apr. 29, 2022). Plaintiff dismissed the suit with prejudice before the defendant answered the complaint. *Id.*, Dkt. No. 16.

GOOGLE LLC'S MOTION FOR ATTORNEYS' FEES
CASE NO 4:22-CV-08711-HSG

Finally, Plaintiff also filed suit against Digital Trends in the Southern District of New York on April 29, 2022. *EscapeX IP LLC v. Digital Trends*, No. 1:22-cv-03512-CM (S.D.N.Y. Apr. 29, 2022). On August 11, 2022, Digital Trends moved to dismiss, challenging the validity of the '113 patent under 35 U.S.C. § 101. *Id.*, Dkt. No. 17–18. On September 8, 2022, Judge McMahon observed that Plaintiff's response to Digital Trends' motion to dismiss was two weeks past due and that Plaintiff had not sought an extension. *See* Order at 1, *Id.*, Dkt. No. 19. Noting that Digital Trends' motion "raise[d] serious Alice issues," Judge McMahon gave EscapeX additional time to respond, but stated that she wished to consider and rule on the motion promptly, since her ruling might impact "cases relating to the same patent, but against different defendants, that are pending before other judges of the court." *Id.* But rather than oppose Digital Trend's motion, Plaintiff instead voluntarily dismissed its case against Digital Trends without filing an opposition to the motion to dismiss, preventing Judge McMahon from ruling on the validity of the '113 patent. *See Id.*, Dkt. No. 21 (Notice of Voluntary Dismissal).

## III. LEGAL STANDARD

In patent cases, a district court may award reasonable attorney fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. To be entitled to an award under § 285, the prevailing party must prove the case is "exceptional" by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 554. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. In determining whether to award fees, district courts can consider a nonexclusive list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular

circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted). Additionally, "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of [such] considerations…" *Id.* at 554 (quotation marks and citation omitted). "[O]ne consideration that can and often should be important to an exceptional-case determination is whether the party seeking fees 'provide[d] early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior.'" *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (quoting *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018)).

Further, the Federal Circuit has held it is error to "declin[e] to consider, in connection with [the] totality of circumstances analysis, [a party's] earlier litigation misconduct. … Indeed, the fact that this misconduct has already been sanctioned should be weighed more heavily, rather than be excluded, in the 35 U.S.C. § 285 analysis." *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1340 (Fed. Cir. 2017); *see also SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285").

## IV. ARGUMENT

### A. Google is the Prevailing Party

Google is a "prevailing party" for purposes of § 285 because Plaintiff voluntarily dismissed Google *with prejudice* after the '113 patent was found to be invalid by the SDNY court. *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018) ("district court's dismissal with prejudice … suffices to make [defendants] 'prevailing parties'"); *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. CV 19-6359-GW-JCx, 2020 WL 7889048, at *4–6 (C.D. Cal. Nov. 23, 2020) (collecting cases and holding defendant was "prevailing party" for purposes of § 285

following a voluntary dismissal *with prejudice*), *aff'd*, 41 F.4th 1372 (Fed. Cir. 2022). As the prevailing party, this Court may award reasonable attorney fees to Google upon a finding this case is exceptional. 35 U.S.C. § 285.

### B. This Case Is Exceptional

Google asks that the Court determine that this case is "exceptional" under § 285. Not only did Plaintiff and its counsel fail to conduct a reasonable pre-suit investigation and file a baseless initial complaint accusing a mix of features that does not exist in a single product, but it continued to pursue its meritless claim despite "early, focused, and supported notice" of Google's belief it was being subjected to exceptional litigation behavior. *Thermolife*, 922 F.3d at 1357. Plaintiff's litigation positions were meritless, and its failure to diligently respond to notice of serious defects, or to dismiss its case when faced with undisputed evidence of its meritlessness, was unreasonable.

#### 1. Plaintiff Failed to Perform an Adequate Pre-Suit Investigation

Plaintiff failed to perform an adequate pre-suit investigation, which is grounds for finding this case exceptional. *See Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) ("pre-suit diligence [is] a factor in the [§ 285] totality-of-the-circumstance approach"); *see also Thermolife*, 922 F.3d at 1356 (an inadequate pre-suit investigation supports an exceptional-case determination). First, the original complaint and the FAC alleged infringement by a feature that did not exist in the accused YouTube Music product. *See supra*, Part I.B. Specifically, Plaintiff's complaint and accompanying claim chart identified a single product, YouTube Music, while importing features found in a separate and distinct product, YouTube Video. *Id.* The disparate nature of the two products should have been self-evident to Plaintiff and its counsel based on Plaintiff's own claim charts at least because (1) YouTube Music is an application for playing music (songs), and (2) the Auto Add documentation cited in Plaintiff's infringement allegations is labeled as part of YouTube Video and expressly relates to "videos"

with no indication that it is related to playing music. Ex. 4 at 1–2 ("The other screenshot in EscapeX's claim chart similarly leaves no doubt this 'Auto add' feature relates to videos, not to music or songs…"). In addition, there is no way to get to the Auto Add dialogue from within YouTube Music, a fact that Plaintiff could easily have investigated and validated by using the free YouTube Music app before suing Google. Indeed, the deficiency was so glaring, it did not take long (only nine days) for Plaintiff to review Google's letter, recognize its pre-suit investigation was deficient, and prepare a "claim chart in rebuttal" that at least accused features found in the accused product (YouTube Video). *See supra*, Parts I.B–C.

However, Plaintiff's new allegations in its SAC were equally lacking. Rather than accusing a mixture of two products, the SAC asserted infringement by a product and feature (YouTube Video's Auto Add) that predates the '113 patent. This was confirmed when Plaintiff served its ICs on October 27, 2022, which state "[t]he '113 patent claims an earliest priority date of October 21, 2014." Ex. 6 at 2. The Auto Add feature was publicly available and in use at least as early as June 16, 2014. Ex. 7 at 1–2; *see also, supra*, Part I.D. As explained in Google's November 7 letter, Plaintiff could have easily uncovered this fact if it had performed simple internet searches, e.g., the search Google detailed in its letter showing at least four YouTube videos dated prior to October 21, 2014 demonstrating the Auto Add feature. Ex. 7 at 2.

This is a truly egregious fact pattern wherein Plaintiff twice asserted theories *at the pleading stage* that were readily disprovable based on easily accessed information. This conduct supports an award of fees. *See Bayer*, 851 F.3d at 1307; *see also WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156-JRG, 2020 WL 555545, at *3 (E.D. Tex. Feb. 4, 2020) ("Having failed to conduct a pre-filing investigation, the Court finds that WPEM has unreasonably subjected SOTI to the costs of litigation and should properly bear its attorneys' fees.").

### 2. *Plaintiff Litigated this Case in an Unreasonable Manner*

An "exceptional" case may also be based on "the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Google repeatedly notified EscapeX of the glaring deficiencies in its case; these gave EscapeX multiple opportunities to dismiss its baseless case, all of which EscapeX ignored. Indeed, in its November 7 letter, Google provided "early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior." *Thermolife*, 922 F.3d at 1357. Plaintiff and its counsel ignored this letter and ignored each of Google's additional five attempts to get a response from Plaintiff in the ensuing two months. *See supra*, part I.E (explaining Google's outreach on November 7, November 16, December 13, December 21 (phone and email), and January 3).

In short, Plaintiff knew—or certainly should have known—that its infringement allegations were untenable because this was the second case in which it accused the prior art of infringing its patent (showing a pattern of failing to perform a pre-suit investigation). In EscapeX's case against Apple, Apple also provided notice to EscapeX that it was accusing the prior art by similarly providing screenshots pre-dating the '113 patent. Ex. 15 at 5–6 (Apple's "Motion to Dismiss Given EscapeX's Admission that 'Apple Does Not Infringe'"). In responding to Apple, EscapeX's counsel affirmatively *admitted* that Apple did not infringe the asserted claims. Ex. 15 at 5–6 & Apple Exhibit 1. Armed with this explicit admission, Apple was able to move to dismiss that case. Ex. 15. Following a familiar pattern, EscapeX then dismissed that case without filing any response to Apple's motion. Ex. 16. EscapeX then repeated this conduct when it accused a Google product that pre-dates the '113 patent. EscapeX ignored Google's attempts to point this out, forcing Google to continue to incur fees to defend itself against Plaintiff's baseless claims. For example, Google informed Plaintiff of its intent to file a motion to transfer the case from the WDTX to the more convenient and appropriate NDCA, and warned that "Google should not have to incur the expenses

related to a transfer motion and additional motion practice thereafter in a baseless lawsuit such as this." *See* Part I.D. Plaintiff ignored Google's correspondence (and subsequent follow-up) forcing Google to file a transfer motion. Then Plaintiff didn't even bother to oppose Google's motion. *Id.*

Further, Plaintiff should have known that its patent had serious patent eligibility issues. Certainly by the time Google sent its November 7 letter, Plaintiff was keenly aware that the Digital Trends SDNY court was on the cusp of invalidating the '113 patent under § 101. *See Digital Trends*, No. 1:22-cv-03512, Dkt. No. 19 (Sept. 8, 2022) (warning that defendant's § 101 motion "raises serious Alice issues…"). Indeed, when Judge McMahon told EscapeX she wanted to rule on the § 101 motion promptly because her ruling "***may affect cases relating to the same patent, but against different defendants***," EscapeX sought to avoid that adverse ruling by voluntarily dismissing its case a mere **eight** days later. *See id.*, Dkt. No. 21. Google's November 7 letter further reiterated to EscapeX that the '113 was patent ineligible, but EscapeX continued to ignore Google's and at least one court's warnings. Ex. 7 at 5–6.

That is exactly the type of conduct that supports an exceptional case finding. Indeed, just last month, Judge Starr in the Northern District of Texas awarded attorneys' fees in a case where a DynaIP-affiliated[5] plaintiff represented by Plaintiff's counsel insisted on maintaining a baseless patent suit despite "ample opportunities to recognize the frivolousness of its position." *ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769, at *4 (N.D. Tex. Feb. 6, 2023). Further, Judge Starr noted that "a previous warning about certain pre-filing failures aids the Court in finding frivolousness, motivation, and the need to advance considerations of compensation and deterrence." *Id.*, at *3 (citing *WPEM*, 2020 WL 555545, at *3–6, 8 (awarding $179,000 in fees against Plaintiff's counsel's client for filing and maintaining a lawsuit on an invalid patent)). Judge

---

[5] Ex. 17 at 4 & Ex. 18 (ZT IP, LLC is managed by Pueblo Nuevo LLC, which is managed by Dynamic IP Deals LLC).

Starr's reasoning is consistent with Federal Circuit precedent finding a district court erred by declining to consider a party's earlier litigation misconduct as part of its exceptional case analysis. *See Romag Fasteners*, 866 F.3d at 1340.

This Court has also found a case "exceptional" for purposes of § 285 and awarded attorneys' fees based on conduct strikingly similar to Plaintiff's conduct here. In *Big Baboon, Inc. v. SAP America*, *Inc*., the Court adopted Magistrate Judge Laporte's report and recommendation finding the case "exceptional" under § 285 based in part on the plaintiff's pursuit of "an infringement case against what was undisputed prior art." No. 17-cv-02082-HSG (EDL), 2019 WL 5088784, at *6 (N.D. Cal. Sept. 9, 2019), *report and recommendation adopted by*, 2019 WL 5102644 (N.D. Cal. Oct. 11, 2019), *aff'd*, 819 F. App'x 928 (Fed. Cir. Sept. 2, 2020); *see also Tech. Props. Ltd. LLC v. Canon Inc.*, No. C 14-3640 CW, 2017 WL 2537286, at *2 (N.D. Cal. Jan. 26, 2017) (finding case "exceptional" in part because plaintiffs' "infringement theory essentially lay claim to prior art"). Further, in *Big Baboon* Magistrate Judge Laporte noted that the plaintiff continued litigating "an invalid patent long after [defendant] reminded it of . . . records showing the lack of merit." 2019 WL 5088784, at *6; *see also Logic Devices, Inc. v. Apple Inc.*, No. C 13-02943 WHA, 2014 WL 6844821, at *4 (N.D. Cal. Dec. 4, 2014) (finding case "exceptional" based in part on plaintiff ignoring "repeated warnings about the invalidity" of the asserted claims, and litigating a "validity position [that] was unsupported by the record"). The same is true here. Awarding attorneys' fees in such cases is proper "to deter similarly weak arguments in the future." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377–78 (Fed. Cir. 2017); *see Finnavations LLC v. Payoneer*, Inc., No. 1:18-cv-00444-RGA, 2019 WL 1236358, at *2 (D. Del. Mar. 18, 2019) (awarding attorneys' fees against plaintiffs asserting objectively weak patents "benefits the public generally by decreasing instances of transparently

meritless patent litigation—one of the many goals of the attorneys' fees provision").

In addition, Plaintiff's counsel's misrepresentation to the Court in filing a so-called stipulation without Google's consent further demonstrates that fees are warranted. *See supra*, Part I.F. For example, a court in the Eastern District of Texas considered a plaintiff's misrepresentation to the court of appeals as a circumstance rendering the case exceptional under § 285. *See My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221, at *6 (E.D. Tex. Dec. 19, 2017), *report and recommendation adopted by*, 2018 WL 11327219 (E.D. Tex. Nov. 30, 2018). Counsel "represented to the Federal Circuit that the parties had met and conferred, agreed to dismiss the appeal, and agreed that each side would bear their own costs," facts the court concluded "appear[ed] to have been untrue." *Id.* Plaintiff here made a nearly identical misrepresentation to this Court when it filed its improper joint stipulation of dismissal (Dkt. No. 38) without ever showing it to Google or obtaining Google's consent. Banner Decl. ¶ 28. And this is not the first time this counsel has done this. In a case that was pending before Judge Corley,[6] the same counsel filed a motion for a continuance of a hearing on Google's motion to dismiss, representing that Google did not oppose the motion despite never having provided the motion to Google or obtained Google's consent. *See Traxcell Techs., LLC v. Google LLC*, Case No. 3:22-cv-04807-JSC, Dkt. No. 61 (N.D. Cal. Oct. 25, 2022) (Plaintiff's Motion for Continuance); *id.*, Dkt. No. 63 (October, 26, 2022) (Google's Statement in Response). An award of fees is warranted to deter this pattern of misrepresentation.

---

[6] This was yet another case filed by Plaintiff's counsel in WDTX where Google was forced to move to transfer and where the plaintiff eventually dismissed the case after failing to respond to the motion to transfer and a subsequent motion to dismiss.

### 3. This Case is Part of a Pattern of Abusive Litigation by DynaIP and Its Counsel

Between April 28 and May 3, 2022, Plaintiff filed seven lawsuits alleging infringement of the '113 patent. *See supra*, Part I.G. Plaintiff voluntarily dismissed Rockbot before Rockbot answered or otherwise responded to the complaint, voluntarily dismissed Apple and Digital Trends rather than responding to their motions to dismiss, and never served Sirius XM. *Id.* These facts support "the conclusion that [Plaintiff] was filing lawsuits 'for the sole purpose of forcing settlements, with no intention of testing the merits of [the] claims.'" *See My Health*, 2017 WL 6512221, at *5; *see also SFA Sys.*, 793 F.3d at 1350 ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285.").

The above deficiencies in Plaintiff's case are reason enough to award attorneys' fees. But there is more. This case is one of fifteen[7] that Plaintiff's counsel has brought against Google (five by known DynaIP entities[8]) that demonstrate a broader pattern of abusive litigation by DynaIP, its

---

[7] *Koji IP, LLC v. Google, LLC*, No. 6:23-cv-00138-DC-DTG (W.D. Tex. Feb. 22, 2023); *Ask Sydney, LLC v. Google, LLC*, No. 6:23-cv-00111-XR (W.D. Tex. Feb. 13, 2023); *Flick Intel., LLC v. Google, LLC*, No. 6:23-cv-00051-ADA (W.D. Tex. Jan. 26, 2023); *AttestWave, LLC v. Google, LLC*, No. 6:22-cv-01102-OLG (W.D. Tex. Oct. 24, 2022); *WirelessWerx IP, LLC v. Google, LLC*, No. 6:22-cv-01056-RP (W.D. Tex. Oct. 7, 2022); *CTD Networks, LLC v. Google, LLC*, No. 6:22-cv-01042-XR (W.D. Tex. Oct. 6, 2022); *VIAAS, Inc. v. Google LLC*, No. 6:22-cv-01048-KC (W.D. Tex. Oct. 6, 2022); *ALD Social, LLC v. Google, LLC*, No. 6:22-cv-00972-FB (W.D. Tex. Sept. 16, 2022); *SafeCast Ltd. v. Google, LLC*, No. 6:22-cv-00678-ADA (W.D. Tex. Jun. 27, 2022); *Mesa Digital, LLC v. Google, LLC*, No. 6:22-cv-00574-ADA (W.D. Tex. Jun. 3, 2022); *EscapeX IP LLC v. Google LLC*, No. 6:22-cv-00428-ADA (W.D. Tex. Apr. 28, 2022); *LS Cloud Storage Techs., LLC v. Google LLC*, No. 6:22-cv-00318-ADA (W.D. Tex. Mar. 25, 2022); *Valjakka v. Google LLC*, No. 6:22-cv-00004-ADA (W.D. Tex. Jan. 3, 2022); *Traxcell Techs., LLC v. Google LLC*, No. 6:21-cv-01312-ADA (W.D. Tex. Dec. 16, 2021); *Pedersen v. Google LLC*, No. 6:21-cv-01152-ADA (W.D. Tex. Nov. 9, 2021).

[8] EscapeX (Ex. 19), WirelessWerx (Ex. 20), Koji IP (Ex. 21), Flick Intelligence (Ex. 22), and Mesa Digital (Ex. 23). According to research performed by counsel for defendant Block, Inc., DynaIP entities—represented virtually every time by EscapeX's counsel—have filed 274 patent-infringement lawsuits over approximately the past 30 months. Ex. 24 at 2–3.

web of patent-assertion entities, and their counsel. *See* Part I.G. An award of attorneys' fees is warranted to deter this conduct. *See, e.g.*, *Big Baboon*, 2019 WL 5088784, at *7 (plaintiff's "continued pursuit of meritless claims" and "serial [failed] lawsuits on the same patent" supported finding of "exceptional" case for purposes of § 285); *Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1300 (S.D. Fla. 2017) (plaintiff's "nationwide pattern of pervasive litigation" is a proper consideration in determining whether a case is exceptional); *Order, P.S. Prods., Inc. v. Panther Trading Co.*, No. 4:22-cv-00473-JM (E.D. Ark. Jan. 30, 2023), Dkt. No. 29 (granting attorneys' fees and awarding sanctions based on "Plaintiffs' history of repeatedly filing meritless lawsuits").

Indeed, an award of attorneys' fees may be the only way to deter this coordinated misconduct. As shell companies that do not actually practice the patents they assert, DynaIP entities like EscapeX "place[] little at risk when filing suit." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011). They are "generally immune to counterclaims for patent infringement, antitrust, or unfair competition because [they do] not engage in business activities that would potentially give rise to those claims," and they do "not face any business risk resulting from the loss of patent protection over a product or process." *Id.* at 1327–28. Absent an award of fees, there is only upside. Here, "Plaintiff's conduct is a pattern and practice used to obtain financial advantage against defendants in costly patent litigation." *Shipping & Transit*, 283 F. Supp. 3d at 1302. That "*modus operandi* can no longer be ignored." *Id.*

Other courts have not hesitated to award fees against DynaIP entities and Plaintiff's counsel for exceptional litigation conduct similar to the conduct in this case. *See ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769, at *2–5 (N.D. Tex. Feb. 6, 2023) (finding case exceptional and awarding $92,130.35 in attorneys' fees where DynaIP entity represented by

Ramey LLP failed "to conduct an adequate pre-filing investigation and act diligently when it became aware that its investigation was inadequate"); *WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156-JRG, 2020 WL 555545, at *3–6, 8 (E.D. Tex. Feb. 4, 2020) (finding case exceptional and awarding $179,622 in attorneys' fees where Ramey LLP "conducted no pre-filing investigation into the validity and enforceability of the Asserted Patent at all"), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2628 (2021); *Traxcell Techs., LLC. v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2022 WL 949951, at *4 (E.D. Tex. Mar. 29, 2022) (awarding defendant Verizon its attorneys' fees against plaintiff represented by Ramey LLP and calling the case "'exceptional' under § 285 based on [plaintiff's] pursuit of objectively baseless infringement theories…"), *report and recommendation adopted by*, 2022 WL 18507378, at *1 (E.D. Tex. Dec. 22, 2022) ("[Plaintiff] continued to pursue theories that it knew or should have known were baseless.").

## V. CONCLUSION

Plaintiff and its counsel never should have filed this lawsuit. Google asks that the Court find this case exceptional and award Google its attorneys' fees and costs totaling approximately $140,615 to date (Banner Decl. ¶ 24), and if the Court deems it appropriate, for its additional fees and costs incurred through the conclusion of this motion.


Dated: March 21, 2023                KWUN BHANSALI LAZARUS LLP

                                     Kate E. Lazarus (SBN 268242)
                                     klazarus@kblfirm.com
                                     Asim M. Bhansali (SBN 194925)
                                     abhansali@kblfirm.com
                                     KWUN BHANSALI LAZARUS LLP
                                     555 Montgomery Street, Suite 750
                                     San Francisco, CA 94111
                                     Tel: (415) 630-2350

By:     */s/ Brian C. Banner*
        Brian C. Banner (*pro hac vice*)
        bbanner@sgbfirm.com
        Nellie F. Slayden (*pro hac vice*)
        nslayden@sgbfirm.com
        SLAYDEN GRUBERT BEARD PLLC
        401 Congress Avenue, Suite 1650
        Austin, TX 78701
        (512) 402-3550

        *Attorneys for Defendant*
        GOOGLE LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2023, the foregoing GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES PURSUANT TO 35 U.S.C. § 285 was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

Dated: March 21, 2023

Respectfully submitted,

By: _____*/s/ Brian C. Banner*_____

Brian C. Banner (*pro hac vice*)
Attorney for Defendant
GOOGLE LLC