# Exhibit 7



Brian C. Banner<br>
Shareholder<br>
bbanner@sgbfirm.com<br>
[O] 512.402.3569<br>
[C] 512.468.6297

*Via Electronic Mail to wramey@rameyfirm.com*

November 7, 2022

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006

      **RE:**    *EscapeX IP LLC v. Google LLC*, 6-22-cv-00428 (W.D. Tex. April 28, 2022)

Dear Mr. Ramey:

We write to again demand EscapeX dismiss this lawsuit with prejudice. EscapeX failed to conduct an adequate pre-suit investigation and has now shifted to accusing the prior art of infringement. Indeed, readily accessible public documents confirm the accused YouTube Video Auto Add feature ("Accused Auto Add Feature") was available and used by the public before October 21, 2014 (the filing date of U.S. Patent No. 9,009,113 ("the '113 patent")). Thus, the '113 patent is invalid at least under 35 U.S.C. § 102 and EscapeX lacks a good faith basis for maintaining this action against Google. Moreover, the Accused Auto Add Feature is squarely not an "artist specific application" as required by the claims of the '113 patent. While Google already provided a wealth of prior art demonstrating the invalidity of the asserted patent in its August 5 letter, the universe of invalidating prior art grows in view of EscapeX's most recent infringement allegations in the Second Amended Complaint.

If EscapeX does not dismiss this lawsuit and continues to assert the '113 patent, Google will seek sanctions and all other remedies available by law pursuant to at least 35 U.S.C. § 285.

    **I.**    **EscapeX Failed to Conduct an Adequate Pre-Suit Investigation**

This is the second time EscapeX failed to conduct an adequate investigation before alleging Google infringes the '113 patent.[1] "[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims . . . ." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013). Here, EscapeX's investigation into the Accused Auto Add Feature was woefully deficient as the Auto Add

---

[1] EscapeX's First Amended Complaint contained baseless allegations against YouTube Music by alleging infringement by a feature ("Auto add") that is not part—and has never been a part—of YouTube Music.

2

feature not only predates the '113 patent but also clearly does not infringe. EscapeX's allegations are objectively baseless and a reasonable inquiry would have revealed as much.

### A. The '113 Patent is Invalid Because the Accused Auto Add Feature Predates the '113 Patent Priority Date

As best understood, EscapeX alleges YouTube Video infringes claims 1, 14, and 27–29 of the '113 patent based on YouTube Video's "Auto add" feature. *See* EscapeX Preliminary Infringement Contentions, Ex. A (Oct. 27, 2022) ("PICs").

EscapeX's allegations are baseless because the Accused Auto Add Feature (and all other features identified in EscapeX's PICs) predates the '113 patent's October 21, 2014 priority date, thus rendering the '113 patent invalid under at least 35 U.S.C. § 102. Had EscapeX performed even a cursory internet search, it would have discovered that the Accused Auto Add Feature is prior art. For example, an internet search using the phrase "youtube 'auto add'" results in multiple videos prior to October 21, 2014, demonstrating the Accused Auto Add Feature:

- June 16, 2014: "How To: Schedule Videos To Auto Add To Playlists Using Tags On YouTube," https://www.youtube.com/watch?v=rEd-RxiBASo.

- July 22, 2014: "YouTube Playlist Settings - Auto Add," https://www.youtube.com/watch?v=7A7-FvfNQk0.

- August 19, 2014: "Auto Upload Videos to a YouTube Playlist," https://www.youtube.com/watch?v=YNZ8SQf0Gug.

- September 7, 2014: "YouTube - Daily YouTube Tips - Episode 29 – 'Playlist Auto-Add'," https://www.youtube.com/watch?v=xSAmRhGMqbw.

Each of these videos confirms the Accused Auto Add Feature was publicly available and in use prior to October 21, 2014. For example, comparing the video listed above dated July 22, 2014 with EscapeX's infringement allegations, the video shows the exact same "Auto add" options in YouTube's Video's "Playlist settings" window.

EscapeX infringement chart (Dkt. 15, Ex. A at 1):



July 22, 2014 "YouTube Playlist Settings – Auto Add" at 1:20:



Each of the above disclosures demonstrates EscapeX has alleged infringement by a feature that predates the '113 patent.

EscapeX's infringement theory is without merit because "it is axiomatic that that which would literally infringe if later anticipates if earlier." *Bristol-Myers Squibb v. Ben Venue Labs*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) (citations omitted). Thus, EscapeX's allegations render the '113 patent invalid and EscapeX must dismiss this lawsuit.

### B. YouTube Video is Not an "Artist Specific Application"

Claim 1 (and every other independent claim) of the '113 patent requires a user device with an "artist specific application." The '113 patent describes an "artist specific application," or "ASA," as an application that "includes music and other content related to [an] artist." '113 patent at 4:56–58. The patent distinguishes an *artist specific* application from a single application that streams music from multiple artists:

> **Thus, instead of a single application that streams music from multiple artists, each ASA may relate to an individual artist.**

'113 patent at 4:62–64. YouTube Video is a single application that is capable of streaming videos from multiple artists. EscapeX's infringement chart uses a "Kate Bush playlist" as an example. Dkt. 15, Ex. A at 1. But one can just as easily stream videos from virtually any other artist; for example Taylor Swift:



Similarly, a user can just as easily stream videos in a single playlist from a variety of artists, such as a Billboard Top 40 playlist:



Thus, according to the '113 patent's own specification, YouTube Video is not an "artist specific application" as required by each of the claims. Had EscapeX performed even a superficial pre-suit investigation, it would know YouTube Video is capable of streaming videos from multiple artists and, therefore, is not an "artist specific application" and does not infringe.

### C. The Accused Auto Add Feature Has Been Retired, Yet EscapeX Accuses Ongoing Infringement

Further demonstrating EscapeX's lack of a reasonable presuit investigation, the Accused Auto Add Feature has been retired for two years, yet EscapeX alleges continued infringement and seeks, in part, "a decree addressing future infringement" that may include "damages for future infringement in lieu of an injunction." Dkt. 15 at 4. Not only would a cursory internet search reveal that this feature has been retired,[2] but Google also pointed this out at footnote 1 of its August 5 letter.

### D. The '113 Patent is Invalid Under 35 U.S.C. § 101

The '113 patent is invalid under 35 U.S.C. § 101 for reasons already raised by other defendants in parallel proceedings against Digital Trends and Block in the Southern District

---

[2] *See, e.g.*, https://support.google.com/youtube/thread/86654246/non-fixed-deleted-feature-why-did-you-cancel-auto-add-feature-in-playlist-settings?hl=en.  Indeed even Plaintiff's exhibit to the Second Amended Complaint cites largely to information from "web.archive.org" that is no longer live.

of New York.[3] Tellingly, EscapeX promptly dismissed its case against Digital Trends after Judge McMahon stated that the defendant's § 101 motion "raises serious Alice issues . . . [and] [t]he court wishes to decide the outstanding motion promptly, as it may affect cases relating to the same patent, but against different defendants, that are pending before other judges of the court." *Digital Trends*, Dkt. 19 (Sept. 8, 2022).

EscapeX knows the '113 patent is likely invalid for failure to claim patentable subject matter. Thus, it is unreasonable for EscapeX to continue to force Google to incur fees related to the meritless allegations in this case.

### E. The '113 Patent is Invalid in View of Other Prior Art

As explained in Google's previous letter dated August 5, 2022, the '113 patent is invalid based on other prior art including (1) U.S. Patent No. 6,526,411 to Sean Ward (claim chart provided in the previous letter); (2) patents disclosing systems and methods for modifying dynamic albums on user devices (e.g., U.S. Patent Nos. 9,317,185, 8,224,927, 8,819,553, and 8,634,944); and (3) the Mobile Roadie artist specific application platform described in Gordon, "The Future of the Music Business," at 172 (2011) (available at https://www.google.com/books/edition/The_Future_of_the_Music_Business/eiQmgEFs_4YC?hl=en&gbpv=1&dq=musician+smartphone+apps&pg=PA172&printsec=frontcover).

Still today, Mobile Roadie provides artist specific applications. *See* https://mobileroadie.com/. The Mobile Roadie website confirms that its platform was launched in 2009 at South By Southwest in Austin, Texas with a live artist specific application for the band the Black Lips.[4] By 2010, over 10 million users had downloaded the Mobile Roadie app.[5] By 2012, Mobile Roadie indicates its apps were used by 20 million users in total, that the artist specific application for Madonna won the FWA award, and that Adele's artist specific application received recognition.[6] By 2013—still a year before the '113 patent's priority date—Adele's application was downloaded by 1.5 million users.[7]

In addition, EscapeX's allegations in the Second Amended Complaint (and EscapeX's PICs) confirm additional invalidating prior art, including Apple Inc.'s iTunes Smart Playlists and iTunes Radio. As EscapeX knows from its lawsuit against Apple Inc., the iTunes Smart Playlists and iTunes Radio features predate the '113 patent and render it invalid. *See* Motion to Dismiss, *EscapeX IP LLC v. Apple Inc.*, No: 6:22-cv-00427-ADA, Dkt. 13 (W.D. Tex.

---

[3] *See* Memorandum of Law in Support of Motion to Dismiss Under FRCP 12(b)(6), *EscapeX IP, LLC v. Digital Trends*, Case No. 1:22-cv-03512-CM, Dkt. 18 (S.D.N.Y. Aug. 11, 2022) ("*Digital Trends*"); Memorandum of Law in Support of Motion to Dismiss for Failure to Claim Patentable Subject Matter Under 35 U.S.C. § 101, *EscapeX IP, LLC v. Block, Inc.*, Case No. 1:22-cv-03575-JMF, Dkt. 20 (S.D.N.Y. Aug. 5, 2022) ("*Block*").
[4] *See* https://mobileroadie.com/about (scroll to "Our Story," click "2009" in timeline) (last visited 11/4/2022).
[5] *Id.* (scroll to "Our Story," click "2010" in timeline) (last visited 11/4/2022).
[6] *Id.* (scroll to "Our Story," click "2012" in timeline) (last visited 11/4/2022).
[7] *Id.* (scroll to "Our Story," click "2013" in timeline) (last visited 11/4/2022).

Aug. 9, 2022). Indeed, it appears EscapeX voluntarily dismissed its lawsuit against Apple rather than respond to Apple's motion to dismiss. *See id.*, Dkt. 23–24. This shows EscapeX knows its patent is invalid and that it has no basis to continue asserting it.

By the time Plaintiff applied for the '113 patent in 2014, dynamic albums, dynamic playlists, and artist specific music applications had been developed, sold, and used extensively in the U.S., thus confirming the '113 patent is not novel and should not have issued.

## II.   This is an Exceptional Case Warranting Fees

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health and Fitness, Inc.*, 572 U.S. 545, 554 (2014).

The Federal Circuit has identified circumstances that render a case exceptional under § 285, including: (1) plaintiff filing multiple nuisance value cases with no intent to test the merits (*AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1362 (Fed. Cir. 2017)); and (2) plaintiff failing to perform an adequate pre-filing investigation (*Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017)).

In *AdjustaCam* the Federal Circuit held the district court abused its discretion by not considering, as part of the exceptional case analysis, plaintiff's (1) asserting nuisance-value damages cases against many defendants and (2) continuing to press baseless infringement contentions against defendant Newegg. *Adjustacam*, 861 F.3d at 1362. Here, EscapeX has apparently filed nuisance value cases against many defendants, and its opening settlement offer to Google is no exception. As discussed above, (1) EscapeX's infringement allegations against Google are baseless due to its failure to perform an adequate pre-filing investigation at least by (a) initially accusing a product that doesn't exist and (b) now asserting infringement by a product that predates the patent, has been retired, and squarely does not infringe, and (2) the '113 patent is invalid. For at least these reasons, EscapeX's conduct is exceptional and warrants an award of attorney fees. *See, e.g.*, *Thermolife*, 922 F.3d at 1350 ("we see no abuse of discretion in the district court's determination of exceptionality based on plaintiffs' inadequate pre-suit investigation of infringement").

Moreover, Ramey LLP's track record of sanctionable behavior further demonstrates a pattern that would corroborate a finding of an exceptional case here, warranting an award of attorney's fees to Google.[8] Indeed, Ramey LLP previously represented a plaintiff who

---

[8] *See NetSoc, LLC v. Chegg Inc.*, 18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020) (awarding fees under § 285 where the claim in plaintiff's infringement charts did not match the asserted claim in the complaint, and plaintiff failed to correct the error); *Traxcell Tech. v. Huawei Techs. USA Inc.*, 2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017)

was sanctioned for asserting infringement against products that predated the asserted patent. *See WPEM LLC v. SOTI Inc.*, 2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020) (awarding fees under § 285 where the accused products predated the asserted patent, and the court admonished plaintiff's lack of pre-suit investigation).

### III. Google Therefore Demands Immediate Dismissal With Prejudice To Avoid Incurring Additional Unwarranted Expenses

Given the glaring deficiencies in EscapeX's infringement allegations and the demonstrated invalidity of the '113 patent, this litigation is clearly baseless—and a reasonable pre-suit investigation would have revealed as much. Google has expended resources to defend itself in this litigation and will continue to incur expenses and fees that are unwarranted.

Google provides this information now so that the parties and the Court may avoid unnecessary expenditure of time and money by disposing of an action that has no colorable basis in law or fact.

For example, given this suit has no connection to the Western District of Texas (as EscapeX is well aware) Google intends to file a motion to transfer to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a) because the NDCA is a more convenient venue. *See, e.g.*, Order Granting Defendants' Motion to Transfer, *Receivership Estate of Audioscience Inc. et al. v. Google LLC et al.*, Case No. 6:21-cv-1209-ADA, Dkt. 88 (W.D. Tex. Aug. 18 2022) (Albright granting transfer to NDCA in case alleging infringement by YouTube feature); Minute Entry Indicating Transfer to NDCA, *WAG Acquisition, L.L.C. v. Google LLC et al.*, Case No. 6:21-cv-00816-ADA (W.D. Tex. Oct. 6, 2022) (same). Google should not have to incur the expenses related to a transfer motion and additional motion practice thereafter in a baseless lawsuit such as this.

Google therefore demands that EscapeX confirm it will voluntarily dismiss this lawsuit with prejudice by **November 14, 2022**. If, instead, EscapeX continues to pursue this cause of action, Google reserves its rights to pursue any and all remedies, including seeking attorney fees under § 285.

Finally, Google requests that EscapeX preserve all documents, communications, and information maintained in any medium related to the subject matter of the various

---

(awarding sanctions and striking plaintiff's infringement contentions where plaintiff's infringement contentions were "unintelligible" and plaintiff failed to serve clearer contentions despite warnings and guidance from the district court); *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022) (awarding fees under § 285 where plaintiff persisted with an infringement theory that was foreclosed by court's claim construction order); *KI Ventures, LLC v. Fry's Electronics, Inc.*, 13-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) (issuing sanctions and dismissing the case with prejudice under Rule 11, because "[d]espite being ordered three times, KI Ventures still has not precisely explained how [defendants] infringed its patent").

complaints filed in this action, including any pre-suit investigation of the alleged infringement, asserted patent, file history, and Google's products.

Regards,

Brian C. Banner
*Attorney for Defendant Google*

cc: Jeffrey E. Kubiak (jkubiak@rameyfirm.com)