# Exhibit 13



Brian C. Banner<br>
Shareholder<br>
bbanner@sgbfirm.com<br>
[O] 512.402.3569<br>
[C] 512.468.6297

*Via Electronic Mail to wramey@rameyfirm.com
& jkubiak@rameyfirm.com*

March 2, 2023

William P. Ramey, III
Jeffrey E. Kubiak
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006

  **RE:** *EscapeX IP LLC v. Google LLC*, 4:22-cv-08711-HSG (N.D. Cal.)

Dear Bill & Jeff:

We have yet to receive any substantive response to my letter of November 7, 2022 laying out the multiple ways in which EscapeX should have known that it had no basis to bring this suit against Google including, among other things, that: 1) EscapeX was alleging infringement by functionality that pre-dated the asserted patent; and 2) that the asserted patent is invalid for failure to claim patentable subject matter under 35 U.S.C. § 101. You have also not responded to my repeated attempts to follow-up by email on November 16, 2022, December 13, 2022, and by phone call (to Jeff) on December 21, 2022. Google has continued to incur attorney's fees defending against EscapeX's meritless claims.

Since those communications, as you know, the asserted patent was adjudged invalid by District Judge Furman of the Southern District of New York on January 24 in a case brought by EscapeX against Block, Inc. for failure to claim patentable subject matter. That court's judgment is now final and non-appealable.Accordingly, EscapeX has no valid claim left to assert against my client and no recourse for challenging the Southern District of New York's final judgment. I further note that EscapeX's failure to timely file a notice of appeal is further evidence that EscapeX had no basis to bring this suit. And now that there is a final, non-appealable judgment of invalidity against EscapeX, EscapeX has no basis to maintain this suit.

Please confirm by close of business tomorrow, March 3, 2023, that EscapeX will dismiss its claims against Google **with prejudice**.

2

I note that due to the upcoming scheduling conference set for March 28, the parties have a March 7, 2023, deadline to meet and confer to discuss initial disclosures, early settlement, ADR process selection, and a discovery plan. **That deadline is less than a week away.** Thus, time is of the essence for EscapeX to confirm it will dismiss this case with prejudice otherwise Google will continue to incur costs defending against an invalid patent.

Please respond promptly. I am available if a call would be helpful.

Regards,

Brian C. Banner
*Attorney for Defendant Google*