# Exhibit 15

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ESCAPEX IP LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:22-cv-00427 |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

# DEFENDANT APPLE INC.'S MOTION TO DISMISS GIVEN ESCAPEX'S ADMISSION THAT "APPLE DOES NOT INFRINGE"

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant, Apple Inc. ("Apple"), moves to dismiss the patent infringement lawsuit filed by Plaintiff, EscapeX IP LLC ("EscapeX"), because EscapeX conceded Apple does not infringe the only claim set forth in EscapeX's Complaint.

## I.     INTRODUCTION

EscapeX is a non-practicing entity that is weaponizing its single acquired patent for continued litigation against Apple, even after full knowledge—and admission—that the asserted patent claims are invalid and/or not infringed.  Specifically, EscapeX's allegations of infringement accuse Apple Music and Smart Playlist functionalities that ***predate the earliest priority date of the patent-in-suit by more than three years***, as confirmed by the publicly-available Apple documents. Soon after suit was filed, Apple notified EscapeX that it had accused the prior art and invited EscapeX to voluntarily dismiss the action before Apple expended additional time and resources litigating the action.  Though EscapeX admitted that "Apple does not infringe at least claim 1 and its dependencies" (*see* Ex. 1 (July 21 email fr Ramey Firm)), EscapeX refused to dismiss the suit. *See* Ex. 2 (August 27 email to Ramey Firm).

## II.     FACTUAL BACKGROUND

On April 28, 2022, EscapeX filed a Complaint alleging infringement of U.S. Patent No. 9,009,113 ("the '113 Patent").  Dkt. No. 1.  The '113 Patent is purportedly directed towards a "novel and improved method and system that facilitate[s] artist-specified dynamic albums."  Dkt. No. 1, ¶ 8.  Specifically, EscapeX alleges that Apple Music and Smart Playlist features infringe claim 1 of the '113 Patent.  *Id.* at ¶¶ 9, 11, 12.  EscapeX attached a chart (Exhibit A) that purportedly maps elements of claim 1 of the '113 Patent against Apple Music.  *See id.* at ¶ 10, Ex. A.

On May 20, 2022, EscapeX amended its Complaint to correct a ubiquitous typographical error (*i.e.*, "'133 Patent" to "'113 Patent"). *See* Dkt. No. 8. The First Amended Complaint ("FAC") did not provide any additional facts to bolster EscapeX's infringement allegations, nor did it chart any additional claims beyond claim 1 that was first mapped in the original Complaint.

On June 1, 2022, Apple informed EscapeX that its infringement allegations are "objectively baseless" and the '113 Patent "is invalid at least under 35 U.S.C. § 102" because the accused Apple functionality predates the '113 Patent's filing date by more than three years. Ex. 3 (6/1/22 Ltr fr Elacqua to Ramey Firm) at 1. Apple further explained that "[i]f Apple is required to expend additional legal fees and costs to defend against objectively baseless allegations of infringement by EscapeX, Apple will seek to recover those fees and costs, and will further seek all other remedies available to it," such as those available under 35 U.S.C. § 285 and Fed. R. Civ. P. 11(b). *Id.* at 6. In support, Apple included an exemplary claim chart comparing EscapeX's infringement allegations to Apple's prior art disclosures. *Id.* at 2–5. Apple requested that EscapeX dismiss its claims against Apple because EscapeX has no "good faith basis for maintaining this action" and has failed to "present any colorable claim of infringement of any valid patent by Apple." *Id.* at 1.

On July 21, EscapeX agreed, conceding that "***Apple does not infringe at least claim 1 and its dependencies***." Ex. 1 (July 21 email fr Ramey Firm). In its response, EscapeX also provided Apple with a chart regarding claim 27 of the '113 Patent. Ex. 4 (July 21 chart). Notably, EscapeX did not move to amend its Complaint because, as discussed below, it has no basis to do so under Rule 11 because the accused features also predate the other claims in the '113 Patent.

On July 27, Apple again informed EscapeX that its infringement allegations related to claim 27 were directed to prior art. Ex. 5 (July 27 Ltr fr Elacqua to Ramey Firm) at 1. In support,

Apple provided EscapeX with specific, exemplary evidence showing that the accused functionality also existed "years before the priority date" of claim 27 of the asserted patent. *Id.* Apple yet again demanded that EscapeX dismiss this action with prejudice, and made clear that if it did not, Apple would seek sanctions and all remedies available to it by law pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 11(b). Ex. 2 (August 27 email to Ramey Firm).

On September 6, EscapeX amended its Complaint to remove allegations of indirect and willful infringement pursuant to the parties' joint stipulation. *See* Dkt. No. 12. The Second Amended Complaint ("SAC") did not provide any additional facts to bolster EscapeX's infringement allegations, nor did it chart any additional claims beyond claim 1 that was first mapped in the original Complaint. Indeed, despite admitting that Apple does not infringe claim 1 and its dependencies, EscapeX continues to assert claim 1 and its dependencies using the same claim chart included with its original Complaint. *Compare* Dkt. No. 1-1 *with* Dkt. No. 12-1.

## III.    LEGAL STANDARD

### A.    Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To satisfy the plausibility standard, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Specifically, a complaint must show specific, well-pleaded facts to avoid dismissal—"[t]he pleading standard demands more than unadorned accusations, 'labels and conclusions,' 'a

formulaic recitation of the elements of a cause of action,' or 'naked assertion[s]' devoid of further factual enhancement." *Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 U.S. Dist. LEXIS 149871, at *6 (W.D. Tex. Aug. 22, 2022) (citing *Twombly*, 550 U.S. at 555–57). And to sufficiently plead infringement, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

### B. Denying Leave to Amend a Complaint Under Rule 15 When Such Amendments are Futile

Rule 15 allows a party to "amend its pleadings once as a matter of course." Fed. R. Civ. P. 15(a). "After amending once as a matter of course, a party 'may amend . . . only with the opposing party's written consent or the court's leave.'" *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 U.S. Dist. LEXIS 57309, at * 2 (W.D. Tex. Apr. 4, 2018) (quoting Fed. R. Civ. P. 15(b)). While leave to amend a complaint should be freely granted when justice so requires, a court may deny the motion to amend if such an amendment would be futile. *See* Fed. R. Civ. P. 15(a); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[A] district court need not grant a futile motion to amend.").

"Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.* Thus, leave to amend a pleading should not be granted if there is no set of facts that would constitute a valid and sufficient claim or defense if proved under the amendment. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873–74 (5th Cir. 2000).

## IV.    ARGUMENT

### A.    Claim 1 of the '113 Patent Should Be Dismissed Because EscapeX Admitted Apple's Accused Products Do Not Infringe

EscapeX's SAC fails to state a claim for infringement at least because EscapeX has conceded that Apple does not infringe claim 1 of the '113 Patent.  In its SAC, EscapeX alleges that Apple infringes "one or more claims of the '113 patent," but the only factual support for EscapeX's infringement allegations is a chart attached to the SAC comparing the elements of ***claim 1*** of the '113 Patent against Apple Music, and more specifically, the Smart Playlist feature.  *See* Dkt. No. 12, ¶ 10 ("Support for the allegations of infringement may be found in the following preliminary table included as an attachment to this complaint."), Ex. A (charting only claim 1).  Apple provided EscapeX with a chart (reproduced, in part, below) clearly showing that the accused Apple Smart Playlist existed as early as 2010, and therefore rendered claim 1 of the '113 Patent invalid under EscapeX's infringement read.  *See Bristol-Myers Squibb v. Ben Venue Lab'y*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) ("[I]t is axiomatic that that which would literally infringe if later anticipates if earlier.").



Ex. 3 (June 1 Ltr fr Elacqua to Ramey Firm) at 3 (comparing claim 1 of the '113 Patent against Apple's Smart Playlist feature). Indeed, EscapeX conceded that Apple does not infringe that claim or any of its dependent claims at least because the accused functionality predates the '113 Patent's filing date, rendering that claim invalid. *See* Ex. 1 (July 21 email fr Ramey Firm). Yet, EscapeX continues to assert claim 1 and its dependencies in its SAC despite admitting that Apple does not infringe these claims before the SAC was filed. *See id.* Through this admission, EscapeX eliminated any legitimate basis to support a ground for entitlement to relief based on its pleadings. Thus, EscapeX's allegations that Apple infringes claim 1 of the '113 Patent are unfounded and must be dismissed.

## B. Any Attempt at a Third Amendment Would Be Futile, as EscapeX has Accused the Prior Art

EscapeX's SAC does not plead any facts to support infringement allegations for any other claim beyond claim 1 of the '113 Patent, nor can it. *See* Dkt. No. 12, ¶ 10 ("Support for the allegations of infringement may be found in the following preliminary table included as an

attachment to this complaint."), Ex. A (charting only claim 1).  As discussed above, even though EscapeX alleges that Apple potentially infringes every claim of the '113 Patent, it only pleads facts to support alleged infringement of one single claim—claim 1.  *Id.*, ¶¶ 9, 10 ("Support for the allegations of infringement may be found in the following preliminary table included as an attachment to this complaint."), Ex. A (charting only claim 1).  Thus, to the extent EscapeX argues its Complaint includes infringement allegations concerning the remaining 29 claims of the '113 Patent, they should be dismissed because they remain unsubstantiated and represent nothing more than "naked assertion[s]" devoid of "further factual enhancements" the Supreme Court has warned against.  *Twombly*, 550 U.S. at 555–57.

Moreover, any attempt by EscapeX to further amend—for a third time—its Complaint to include, or further substantiate, other claims would be futile.  For example, when EscapeX alleged that other Apple Music features, such as iTunes Radio, infringed independent claim 27, Apple again explained that the those features, like those accused of infringing claim 1, existed years before the '113 Patent's priority date and likewise rendered claim 27 invalid.  *See* Ex. 5 (July 27 ltr fr Elacqua to Ramey Firm) (citing specific public documents in support); *see also* Ex. 2 (August 27 email to Ramey Firm):



**Play Apple Music radio in Music on Mac**

Apple Music radio features three world-class radio stations (Apple Music 1, Apple Music Hits, and Apple Music Country), as well as a collection of stations based on different genres. These stations provide a great way to explore and enjoy new music or keep up with your favorites.

You can also create your own custom stations, based on your pick of artist, song, or genre.

In addition to radio, you can play Apple Music TV, a free, 24-hour curated livestream of popular new music videos that includes exclusive premieres, music video blocks, live shows and events, chart countdowns, and more.

Note: You must be signed in with your Apple ID, but you don't need to subscribe to Apple Music to play live Apple Music radio and Apple Music TV.

<https://support.apple.com/guide/music/mus0456fe22c/1.2/mac/12.0>

The reference describes generating one or more album parameters used to change the dynamic album based on the one or more commands.
- dynamic album = Apple Music radio

**iTunes Radio is ad-free with iTunes Match.**

Instead of hearing the occasional ad, you can listen to iTunes Radio completely ad-free when you subscribe to iTunes Match. And iTunes Match stores all your music in iCloud — even songs you've imported from CDs or purchased somewhere other than iTunes. So iTunes Radio can use your entire music collection to make your stations even more personalized.

Learn more about iTunes Match ›

All your devices in the mix.

You can listen to iTunes Radio on your iPhone, iPad, iPod touch, Mac, PC, and Apple TV. All your stations are stored in iCloud, so if you stop playing a station on one device, you can pick it up on another — no syncing required. And no matter what device you listen on, your stations become more personalized with every song you play.

http://web.archive.org/web/20130929033218/http://www.apple.com/itunes/itunes-radio/ (disclosing public availability of all of the accused features in 2013); see also https://techcrunch.com/2013/09/18/apple-releases-ios-7-ready-itunes-11-1-with-itunes-radio-podcast-stations-and-more-for-mac-and-pc/ (accused features released no later than September 2013);

Because claim 27 and its dependencies—like claim 1 and its dependencies—are invalid in view of Apple's prior art disclosures, EscapeX has no justifiable basis to allege Apple infringes that claim. *See Bristol-Myers Squibb*, 246 F.3d at 1378 (Fed. Cir. 2001) ("[I]t is axiomatic that that which would literally infringe if later anticipates if earlier."). Indeed, EscapeX did not change its infringement read to Claim 27 with its SAC. Thus, the court should not permit EscapeX leave to amend—for a third time—to include any such allegations because there is "no set of facts" that can be proven under the amendment that would constitute a valid claim. *See* Ex. 2 (August 27 email to Ramey Firm).

## V.     CONCLUSION

For the aforementioned reasons, EscapeX has failed to sustain a single viable claim that satisfies the federal pleading standards at least because the SAC is devoid of any allegations that "articulate why it is plausible that the accused product infringes" the '113 Patent.  With no surviving claim and EscapeX's continued failure to articulate any ground for relief based on claim 1 or any other claim of the '113 Patent, there is no cognizable legal claim for the Court to consider or to permit EscapeX leave to include through any further amendment to its Complaint.  Thus, Apple respectfully requests that the Court grant its Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and without permitting EscapeX leave to further amend.

Dated:  September 9, 2022                               Respectfully submitted,

                                                FISH & RICHARDSON P.C.


                                        By:    /s/ Betty Chen
                                               Betty Chen
                                               TX Bar No. 24056720 | bchen@fr.com
                                               One Congress Plaza
                                               111 Congress Avenue, Suite 810
                                               Austin, TX 78701
                                               Telephone: (512) 472-5070
                                               Facsimile: (512) 320-8935

                                               Benjamin C. Elacqua
                                               TX Bar No. 24055443 | elacqua@fr.com
                                               Jacqueline T. Moran
                                               TX Bar No. 24121740 | jtmoran@fr.com
                                               1221 McKinney Street, Suite 2800
                                               Houston, TX 77010
                                               Telephone: (713) 654-5300
                                               Facsimile:  (713) 652-0109

Lawrence Jarvis
GA Bar No. 102116
jarvis@fr.com
1180 Peachtree St NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

**COUNSEL FOR DEFENDANT
APPLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically on September 9, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Betty Chen*
Betty Chen

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ESCAPEX IP LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:22-cv-00427 |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

**DECLARATION OF BETTY CHEN IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS GIVEN ESCAPEX'S ADMISSION THAT "APPLE DOES NOT INFRINGE"**

I, Betty Chen, declare as follows:

1.  I am an attorney at the firm of Fish & Richardson P.C., counsel of record in this action for Defendant, Apple Inc. ("Apple").  I make this declaration in support of Apple Inc's Motion to Dismiss Given EscapeX's Admission That "Apple Does Not Infringe." I am a member of the Bar of the State of Texas and of this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.  Attached hereto are true and correct copies of the following documents:

| Exhibit # | Description of Exhibit |
|---|---|
| 1 | Email from EscapeX counsel to Apple counsel dated July 21, 2022 |
| 2 | Email from Apple Counsel to EscapeX counsel dated August 27, 2022 |
| 3 | Letter from Apple counsel to EscapeX counsel dated June 1, 2022 |
| 4 | Chart attached to June 21, 2022 Email from EscapeX counsel to Apple counsel |
| 5 | Letter from Apple counsel to EscapeX counsel dated July 27, 2022 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 9th day of September, 2022.

*/s/ Betty Chen*
Betty Chen

1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically on September 9, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

/s/ Betty Chen
Betty Chen

2

# EXHIBIT 1

# Vivian Lopez

| | |
|---|---|
| **From:** | Jeff Kubiak <jkubiak@rameyfirm.com> |
| **Sent:** | Thursday, July 21, 2022 1:26 PM |
| **To:** | Lawrence Jarvis; Betty Chen |
| **Subject:** | Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427) |
| **Attachments:** | Exhibit A 072122.pdf |

Betty, Lawrence:

It was good to talk to you this afternoon.

As a quick recap:

Escapex agrees that Apple does not infringe at least claim 1 and its dependencies;
Escapex and Apple agree to a 45 day extension of time for Apple to answer the complaint;
Escapex is providing to Apple a draft claim chart with respect to claim 27 of the '113 patent; and
We anticipate discussing claim 27 next Thursday at 3 central.

Let me know if I missed something or misstated an item.

Jeff

Jeffrey E Kubiak
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923
832-900-4941 (fax)
713-294-2956 (cell)
www.rameyfirm.com

## Houston Intellectual Property and Trial Attorneys
Ramey LLP is a full-service intellectual property law firm working with an international client base from our Houston, Texas, office. We are dedicated to enhancing client results through efficient practice management, innovative technologies and the use of skilled professionals.
www.rameyfirm.com

This e-mail may contain confidential information.  If you are not the intended recipient, please delete this e-mail.  If you have any questions, please call 713-426-3923.

**From:** Lawrence Jarvis <jarvis@fr.com>
**Sent:** Wednesday, June 29, 2022 2:48 PM
**To:** Jeff Kubiak <jkubiak@rameyfirm.com>

**Cc:** Lawrence Jarvis <jarvis@fr.com>; Benjamin C. Elacqua <Elacqua@fr.com>
**Subject:** FW: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)

Hi Jeff,

It was a good speaking with you earlier. We have approval of the 30-day extension from our client. Please get the extension on file when you all can. Attached is our original letter along with the email in which it was sent. Below is the email thread where we were seeking a response to our letter and our response (immediately below) to the new claim chart Bill circulated on this past Monday.

Thanks,
Lawrence

**Lawrence Jarvis ::** Fish & Richardson P.C. **::** 404 879 7238

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Tuesday, June 28, 2022 8:07 AM
**To:** wramey@rameyfirm.com
**Cc:** ktalanov@rameyfirm.com; FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)
**Importance:** High

Bill - I'm not sure what that means but I was only trying to get a response after many failed attempts. Your claim charts accuse the prior art. The old one attached to your complaint and the new one attached to your email. The exact screen you are pointing to in the chart was in the prior art versions of iTunes. I've talked to the Apple engineer who has been on the iTunes development team for a long time and he has confirmed that the accused Smart Playlist features dates back to at least iTunes version 3 with all potentially relevant enhancements dating to at least iTunes version 9.2.1 (or at least MacOS Version OS X Lion). Your new chart continues to accuse the prior art Smart Playlist feature. Your new chart also accuses another prior art feature, which is iTunes compatibility with Tunecore for music distribution. iTunes was compatible with Tunecore to enable artist specific music distribution years before the priority date of the asserted patent. *See, e.g.*, https://www.tunecore.com/blog/2012/10/10-tips-for-getting-featured-on-itunes.html; https://web.archive.org/web/20070628230105/http://www.tunecore.com/; https://www.tunecore.com/blog/2013/04/new-daily-itunes-trend-reports-what-they-are-5-ways-to-use-them.html. As such, all of the features you accuse in your new chart are still in the prior art. Your citing of disclosures that postdate the asserted patent does not negate the reality that each of these accused features are prior art. Thus, we still strongly advise you to drop this case.

As I mentioned in my prior email, we need to have a lead counsel meet and confer this week on my letter and a Motion to Dismiss we intend to file next week. What is your availability to meet and confer this week? I am available from 9-12 CT tomorrow.

-Ben

On Jun 27, 2022, at 10:47 AM, William Ramey <wramey@rameyfirm.com> wrote:

Hi Ben,

No need to go postal.

We received your letter of June 1.  We have been investigating the veracity of your allegations.  After our review, we conclude that our complaint is proper.

We have attached an updated claim chart for your review.  Quite clearly, the product was not in the prior art.

Please let us know when you would like to discuss.

Bill

William P. Ramey, III
Ramey LLP
5020 Montrose Bvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 900-4941 (facsimile)

*This e-mail may contain confidential information.  If you are not the intended recipient, please delete this e-mail.  If you have any questions, please call 713-426-3923.*

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Monday, June 27, 2022 10:30 AM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Kyril Talanov <ktalanov@rameyfirm.com>; FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)

Counsel for ExcapeX - I'm not sure what else I can do to get your attention on this case.  You have literally accused the exact prior art in this case and need to drop the case per my letter.  Your refusal to respond to my letter, emails and calls is not acceptable.

We ned to have a lead counsel meet and confer this week on my letter and a Motion to Dismiss we intend to file next week.  I'm available on the 28th at 2:30-4pm and the 29th from 9-12 CT.

Thanks, Ben

> On Jun 23, 2022, at 10:00 AM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:
>
> William or Kyril - is someone going to respond or give me a call?  I've sent you a letter, multiple emails, a couple phone calls.

Thanks, Ben



On Jun 21, 2022, at 11:20 AM, Benjamin C. Elacqua <Elacqua@fr.com>
wrote:

William - checking in on this.  My letter identified some points that we
need a response to.  I'm available to discuss as well.

Thanks, Ben


Benjamin Elacqua :: Principal
Fish & Richardson P.C.
1221 McKinney Suite 2800
Houston, TX 77010
713.654.5300
elacqua@fr.com



On Jun 15, 2022, at 7:00 PM, William Ramey
<wramey@rameyfirm.com> wrote:

[This email originated outside of F&R.]

Next week. I am out of town.

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 689-9175 (fax)
wramey@rameyfirm.com
www.rameyfirm.com

This email contains privileged and confidential
information. If you are not the intended recipient
please delete and notify the sender.

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Wednesday, June 15, 2022 5:57:20 PM
**To:** William Ramey <wramey@rameyfirm.com>; Kyril
Talanov <ktalanov@rameyfirm.com>
**Cc:** FRService-Apple-EscapeX <FRService-Apple-
EscapeX@fr.com>

**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)


Counsel,

Is someone going to call or respond to my letter?

Ben

> On Jun 9, 2022, at 2:53 PM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:
>
> Counsel,
>
> I tried calling your office a couple times but got voicemails. Please give me a call so we can discuss the letter I sent last week.
>
> Thanks, Ben
>
>
> Benjamin Elacqua :: Principal
> Fish & Richardson P.C.
> 1221 McKinney Suite 2800
> Houston, TX 77010
> 713.654.5300
> elacqua@fr.com
>
>
>
>> On Jun 1, 2022, at 4:32 PM, Vivian Lopez <Lopez@fr.com> wrote:
>>
>> <2022-06-01 Ltr to ExcapeX Counsel fr Elacqua re EscapeX IP LLC v Apple Inc.pdf>
>

```
************************************************
************************************************
********************************
This email message is for the sole use of the
intended recipient(s) and may contain
confidential and privileged information. Any
unauthorized use or disclosure is prohibited.
If you are not the intended recipient, please
contact the sender by reply email and destroy
all copies of the original message.
************************************************
************************************************
********************************
```

*****************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
*****************************************************************************************
**************************************

\<2022-06-27 UPDATED INFRINGEMENT CHARTS.pdf>

*****************************************************************************************
**************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
*****************************************************************************************
**************************

# EXHIBIT 2

| From: | Lawrence Jarvis |
|---|---|
| Sent: | Saturday, August 27, 2022 9:34 AM |
| To: | Jeff Kubiak |
| Cc: | FRService-Apple-EscapeX |
| Subject: | RE: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427) |
| Attachments: | 2022-07-27_Response Ltr to EscapeX re New Claim Chart.pdf; Proposed EscapeX v. Apple - Joint Stipulation re Claims of W and II.docx; 2022-06-01 Ltr to ExcapeX Counsel fr Elacqua re EscapeX IP LLC v Apple Inc.pdf |

Hi Jeff,

While we are disappointed your client decided to proceed with accusing prior art features within Apple Music (e.g., features found in iTunes) against your recommendation, we appreciate your candor and your client's agreement that "Apple does not infringe at least claim 1 and its dependencies" during our July 21, 2022 meet and confer.  We again strongly encourage EscapeX to dismiss its case against Apple with prejudice in view of our two letters (re-attached) and our email correspondence that clearly demonstrates that all of EscapeX's infringement allegations against Apple Music are indeed accusing prior art features within Apple Music, such as iTunes Radio:

## Play Apple Music radio in Music on Mac

Apple Music radio features three world-class radio stations (Apple Music 1, Apple Music Hits, and Apple Music Country), as well as a collection of stations based on different genres. These stations provide a great way to explore and enjoy new music or keep up with your favorites.

You can also create your own custom stations, based on your pick of artist, song, or genre.

In addition to radio, you can play Apple Music TV, a free, 24-hour curated livestream of popular new music videos that includes exclusive premieres, music video blocks, live shows and events, chart countdowns, and more.

*Note:* You must be signed in with your Apple ID, but you don't need to subscribe to Apple Music to play live Apple Music radio and Apple Music TV.

<https://support.apple.com/guide/music/mus0456fe22c/1.2/mac/12.0>

The reference describes generating one or more album parameters used to change the dynamic album based on the one or more commands.
- dynamic album = Apple Music radio

EscapeX Exhibit A at 4.



## All your devices in the mix.

## iTunes Radio is ad-free with iTunes Match.

Instead of hearing the occasional ad, you can listen to iTunes Radio completely ad-free when you subscribe to iTunes Match. And iTunes Match stores all your music in iCloud — even songs you've imported from CDs or purchased somewhere other than iTunes. So iTunes Radio can use your entire music collection to make your stations even more personalized.

Learn more about iTunes Match ›

http://web.archive.org/web/20130929033218/http://www.apple.com/itunes/itunes-radio/ (disclosing public availability of all of the accused features in 2013); *see also* https://techcrunch.com/2013/09/18/apple-releases-ios-7-ready-itunes-11-1-with-itunes-radio-podcast-stations-and-more-for-mac-and-pc/ (accused features released in no later than September 2013); .

**What is iTunes Radio?**

**[ CSO 50 Conference & Awards September 19-21 – Register Today & Bring Your Team! ]**

In brief, it's a more elegant version of Spotify/Pandora that offers both a la carte music downloads alongside all you can eat access to the entire iTunes catalog. iTunes Radio will let you stream whatever music you wish, and will also include radio stations, artist playlists and more.

The service will deliver personalized stations based on your listening history and past iTunes purchases, allows you to build playlists up from what you are listening to, and has Siri support so you can order the service to give you some decent tunes.

One element to the service that doesn't sound so good is AdAge's claim that: "iTunes Radio will not allow users to search and play a song on-demand." I contacted Apple to confirm or deny this, but the company spokesperson I communicated with declined to comment. I do hope AdAge is incorrect in the claim.

https://www.computerworld.com/article/2474586/apple-s-itunes-radio-reminds-us-that-music-is-a-weapon.html (accused features present in iTunes)

Again, should EscapeX persist in asserting any claim of the '113 Patent against Apple, Apple will be forced to seek sanctions and all remedies available by law pursuant to at least Fed. R. Civ. P. 11 and 35 U.S.C. § 285.

Separately, in view of your agreement to jointly stipulate dismissal without prejudice to EscapeX's willful and indirect infringement allegations, attached is a proposed joint stipulation. Could you also send us a draft of your amended complaint?

Thanks,
Lawrence

**Lawrence Jarvis :: Fish & Richardson P.C. :: 404 879 7238**

**From:** Jeff Kubiak <jkubiak@rameyfirm.com>
**Sent:** Thursday, July 21, 2022 4:26 PM
**To:** Lawrence Jarvis <jarvis@fr.com>; Betty Chen <bchen@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)

Betty, Lawrence:

It was good to talk to you this afternoon.

As a quick recap:

Escapex agrees that Apple does not infringe at least claim 1 and its dependencies;
Escapex and Apple agree to a 45 day extension of time for Apple to answer the complaint;
Escapex is providing to Apple a draft claim chart with respect to claim 27 of the '113 patent; and
We anticipate discussing claim 27 next Thursday at 3 central.

Let me know if I missed something or misstated an item.

Jeff

Jeffrey E Kubiak
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
713-426-3923
832-900-4941 (fax)
713-294-2956 (cell)
www.rameyfirm.com

**Houston Intellectual Property and Trial Attorneys**

Ramey LLP is a full-service intellectual property law working with an international client base from our Houston, Texas, office. We are dedicated to enhancing client results through efficient practice management, innovative technologies and the use of skilled professionals.

www.rameyfirm.com

This e-mail may contain confidential information.  If you are not the intended recipient, please delete this e-mail.  If you have any questions, please call 713-426-3923.

---

**From:** Lawrence Jarvis <jarvis@fr.com>
**Sent:** Wednesday, June 29, 2022 2:48 PM
**To:** Jeff Kubiak <jkubiak@rameyfirm.com>
**Cc:** Lawrence Jarvis <jarvis@fr.com>; Benjamin C. Elacqua <Elacqua@fr.com>
**Subject:** FW: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)


Hi Jeff,

It was a good speaking with you earlier.  We have approval of the 30-day extension from our client.  Please get the extension on file when you all can.  Attached is our original letter along with the email in which it was sent.  Below is the email thread where we were seeking a response to our letter and our response (immediately below) to the new claim chart Bill circulated on this past Monday.

Thanks,
Lawrence

**Lawrence Jarvis :: Fish & Richardson P.C. :: 404 879 7238**

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Tuesday, June 28, 2022 8:07 AM
**To:** wramey@rameyfirm.com
**Cc:** ktalanov@rameyfirm.com; FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)
**Importance:** High


Bill - I'm not sure what that means but I was only trying to get a response after many failed attempts.  Your claim charts accuse the prior art.  The old one attached to your complaint and the new one attached to your email.  The exact screen you are pointing to in the chart was in the prior art versions of iTunes.  I've talked to the Apple engineer who has been on the iTunes development team for a long time and he has confirmed that the accused Smart Playlist features dates back to at least iTunes version 3 with all potentially relevant enhancements dating to at least iTunes version 9.2.1 (or at least MacOS Version OS X Lion).  Your new chart continues to accuse the prior art Smart Playlist feature.  Your new chart also accuses another prior art feature, which is iTunes compatibility with Tunecore for music distribution.  iTunes was compatible with Tunecore to enable artist specific music distribution years before the priority date of the asserted patent.  *See, e.g.,* https://www.tunecore.com/blog/2012/10/10-tips-for-getting-featured-on-itunes.html; https://web.archive.org/web/20070628230105/http://www.tunecore.com/; https://www.tunecore.com/blog/2013/04/new-daily-itunes-trend-reports-what-they-are-5-ways-to-use-them.html.  As such, all of the features you accuse in your new chart are still in the prior art.  Your citing of disclosures that postdate the asserted patent does not negate the reality that each of these accused features are prior art.  Thus, we still strongly advise you to drop this case.

As I mentioned in my prior email, we need to have a lead counsel meet and confer this week on my letter and a Motion to Dismiss we intend to file next week.  What is your availability to meet and confer this week?  I am available from 9-12 CT tomorrow.

-Ben


On Jun 27, 2022, at 10:47 AM, William Ramey <wramey@rameyfirm.com> wrote:

Hi Ben,

No need to go postal.

We received your letter of June 1.  We have been investigating the veracity of your allegations.  After our review, we conclude that our complaint is proper.

We have attached an updated claim chart for your review.  Quite clearly, the product was not in the prior art.

Please let us know when you would like to discuss.

Bill

William P. Ramey, III
Ramey LLP
5020 Montrose Bvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 900-4941 (facsimile)

*This e-mail may contain confidential information. If you are not the intended recipient, please delete this e-mail. If you have any questions, please call 713-426-3923.*

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Monday, June 27, 2022 10:30 AM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Kyril Talanov <ktalanov@rameyfirm.com>; FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)

Counsel for ExcapeX - I'm not sure what else I can do to get your attention on this case. You have literally accused the exact prior art in this case and need to drop the case per my letter. Your refusal to respond to my letter, emails and calls is not acceptable.

We ned to have a lead counsel meet and confer this week on my letter and a Motion to Dismiss we intend to file next week. I'm available on the 28th at 2:30-4pm and the 29th from 9-12 CT.

Thanks, Ben

On Jun 23, 2022, at 10:00 AM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:

William or Kyril - is someone going to respond or give me a call? I've sent you a letter, multiple emails, a couple phone calls.

Thanks, Ben

On Jun 21, 2022, at 11:20 AM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:

William - checking in on this. My letter identified some points that we need a response to. I'm available to discuss as well.

Thanks, Ben

Benjamin Elacqua :: Principal
Fish & Richardson P.C.
1221 McKinney Suite 2800
Houston, TX 77010
713.654.5300
elacqua@fr.com

On Jun 15, 2022, at 7:00 PM, William Ramey <wramey@rameyfirm.com> wrote:

[This email originated outside of F&R.]

Next week. I am out of town.

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 689-9175 (fax)
wramey@rameyfirm.com
www.rameyfirm.com

This email contains privileged and confidential information. If you are not the intended recipient please delete and notify the sender.

**From:** Benjamin C. Elacqua <Elacqua@fr.com>
**Sent:** Wednesday, June 15, 2022 5:57:20 PM
**To:** William Ramey <wramey@rameyfirm.com>; Kyril Talanov <ktalanov@rameyfirm.com>
**Cc:** FRService-Apple-EscapeX <FRService-Apple-EscapeX@fr.com>
**Subject:** Re: EscapeX IP LLC v. Apple Inc., USDC Western District of Texas (Case No. 6:22-cv-00427)

Counsel,

Is someone going to call or respond to my letter?

Ben

> On Jun 9, 2022, at 2:53 PM, Benjamin C. Elacqua <Elacqua@fr.com> wrote:
>
> Counsel,
>
> I tried calling your office a couple times but got voicemails. Please give me a call so we can discuss the letter I sent last week.
>
> Thanks, Ben
>
>
> Benjamin Elacqua :: Principal
> Fish & Richardson P.C.
> 1221 McKinney Suite 2800
> Houston, TX 77010
> 713.654.5300
> elacqua@fr.com
>
>
>> On Jun 1, 2022, at 4:32 PM, Vivian Lopez <Lopez@fr.com> wrote:
>>
>> <2022-06-01 Ltr to ExcapeX Counsel fr Elacqua re EscapeX IP LLC v Apple Inc.pdf>
>

********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. ********************************************************************************

********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. ********************************************************************************

<2022-06-27 UPDATED INFRINGEMENT CHARTS.pdf>

********************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. ********************************************************************************

# EXHIBIT 3



FISH & RICHARDSON

Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010

713 654 5300 main
713 652 0109 fax

**Benjamin C. Elacqua**
Principal
Elacqua@fr.com
713 654 5324  direct

<u>VIA ELECTRONIC MAIL</u>

June 1, 2022

William P. Ramey, III
Kyril V. Talanov
Ramey LLP
5020 Montrose Blvd.
Suite 800
Houston, TX 77006

Re:     *EscapeX IP LLC v. Apple Inc.,* USDC Western District of Texas (Case No. 6:22-cv-00427)

Dear Counsel,

We represent Apple Inc. ("Apple") in the matter of *EscapeX IP LLC v. Apple Inc.*, Case No. 6:22-cv-00427, pending in the Western District of Texas.  We are writing to request that EscapeX IP LLC ("EscapeX") dismiss with prejudice all claims against Apple in the above-referenced matter because it has failed to present any colorable claim of infringement of any valid patent by Apple. Specifically, EscapeX's infringement allegations are objectively baseless given that the accused Apple functionality *predates* the filing date of U.S. Patent No. 9,009,113 (the "'113 patent"), as confirmed by publicly available Apple documents.  Thus, EscapeX's patent is invalid at least under 35 U.S.C. §102, and EscapeX lacks any good faith basis for maintaining this action against Apple.  Indeed, if EscapeX persists in asserting any claim of the '113 patent against Apple, Apple will seek sanctions and all remedies available by law pursuant to at least Fed. R. Civ. P. 11 and 35 U.S.C. § 285.

fr.com



Counsel for EscapeX
June 1, 2022
Page 2

**EscapeX Asserts Functionality Pre-Dating the Patents' Priority Date**

The '113 patent is invalid under at least 35 U.S.C. § 102 in view of EscapeX's infringement read, which accuses Apple's Smart Playlist feature.  The '113 patent claims priority to U.S. Patent No. 14/519,168, which was filed on October 21, 2014.

However, EscapeX is aware, or should have been aware, that the accused Smart Playlist feature predates the patent by more than ***three years.***  Indeed, the Smart Playlist menu for Apple Music cited in EscapeX's alleged infringement chart submitted with the complaint is identical to the prior art Smart Playlist menu.  An exemplary claim chart comparing EscapeX's infringement read to prior art disclosures of the same Smart Playlist feature is provided below.



Counsel for EscapeX
June 1, 2022
Page 3

| EscapeX's Allegations | Accused Feature (Smart Playlist) circa 2010 |
|---|---|





FISH & RICHARDSON

Counsel for EscapeX
June 1, 2022
Page 4

| | https://web.archive.org/web/20100730091147/http://www.apple.com/itunes/how-to#playlists-smartplaylists (July 30, 2010) |
|---|---|
| You can create a Smart Playlist that automatically organizes songs into playlists based on criteria you specify. Whenever you add items to your music library that meet the criteria of a Smart Playlist, the Smart Playlist is automatically updated to include them.<br><br>For example, you could create a Smart Playlist that includes your most highly rated rock songs that were released before 1990 or after 2000. When you import songs from a CD, they're automatically added to the Smart Playlist if they meet the criteria.<br><br>Smart Playlists you create have this icon ⚙ next to them.<br><br><https://support.apple.com/en-ca/guide/music/mus1712973f4/mac><br><br>The reference describes accessing, by the user device, the information encoding the plurality of songs responsive to receipt of the one or more album parameters [You can create a Smart Playlist that automatically organizes songs into playlists based on criteria you specify]. | **Smart Playlists** NEW<br>Have iTunes create a playlist for you based on your desired criteria — like all the rock songs you've added to your library in the past month or songs you've listened to more than 10 times. You can create many rules for a single Smart Playlist, based on media type, genre, and more. iTunes finds the songs, podcasts, movies, or TV shows that match your rules and creates a playlist that updates itself automatically.<br><br>https://web.archive.org/web/20100414084655/http://www.apple.com/itunes/features (April 14, 2010)<br><br>**Smart Playlist**<br>An easy way to keep track of your music by genre or artist is to create Smart Playlists. A Smart Playlist continuously searches your music library for new tracks meeting the criteria you set. iTunes gives you conditions to set as criteria for Smart Playlists, including Artist, Album, Year, Song Name, (Date) Last Played, Date Added, Genre, Composer, My Rating, Play Count, and more. For example, you may want to have all your R&B/Soul music in one playlist. If you set up a Smart Playlist, it will gather every R&B/Soul song in your library and continuously add to the playlist new R&B/Soul songs imported into your library in the future.<br><br><br>https://web.archive.org/web/20100702070355/http://www.apple.com/itunes/how-to#playlists-smartplaylists (July 2, 2010) |



FISH.
FISH & RICHARDSON

Counsel for EscapeX
June 1, 2022
Page 5

---

You can create a Smart Playlist that automatically organizes songs into playlists based on criteria you specify. Whenever you add items to your music library that meet the criteria of a Smart Playlist, the Smart Playlist is automatically updated to include them.

For example, you could create a Smart Playlist that includes your most highly rated rock songs that were released before 1990 or after 2000. When you import songs from a CD, they're automatically added to the Smart Playlist if they meet the criteria.

Smart Playlists you create have this icon ⚙ next to them.

<https://support.apple.com/en-ca/guide/music/mus1712973f4/mac>

The reference describes modifying, by the user device, the information encoding the plurality of songs based on the one or more album parameters to change the dynamic album without intervention by a user of the user device [Whenever you add items to your music library that meet the criteria of a Smart Playlist, the Smart Playlist is automatically updated to include them].

The reference describes storing, by the user device, the modified information encoding the plurality of songs at the user device [Whenever you add items to your music library that meet the criteria of a Smart Playlist, the Smart Playlist is automatically updated to include them].

---

**Smart Playlists** 🆕
Have iTunes create a playlist for you based on your desired criteria — like all the rock songs you've added to your library in the past month or songs you've listened to more than 10 times. You can create many rules for a single Smart Playlist, based on media type, genre, and more. iTunes finds the songs, podcasts, movies, or TV shows that match your rules and creates a playlist that updates itself automatically.

https://web.archive.org/web/20100414084655/http://www.apple.com/itunes/features (April 14, 2010)

**Smart Playlist**

An easy way to keep track of your music by genre or artist is to create Smart Playlists. A Smart Playlist continuously searches your music library for new tracks meeting the criteria you set. iTunes gives you conditions to set as criteria for Smart Playlists, including Artist, Album, Year, Song Name, (Date) Last Played, Date Added, Genre, Composer, My Rating, Play Count, and more. For example, you may want to have all your R&B/Soul music in one playlist. If you set up a Smart Playlist, it will gather every R&B/Soul song in your library and continuously add to the playlist new R&B/Soul songs imported into your library in the future.



https://web.archive.org/web/20100702070355/http://www.apple.com/itunes/how-to#playlists-smartplaylists (July 2, 2010)

---



Counsel for EscapeX
June 1, 2022
Page 6

Stated simply, EscapeX has alleged that a 2010 feature is evidence that Apple Music contains all of the elements recited in the asserted '113 patent. Each of these disclosures demonstrate that accused Smart Playlist was publicly available and used at least as early as April 14, 2010. That is, the features cited on the Apple website as alleged evidence of infringement are found in earlier versions of the Apple website released prior to the 2014 priority date.

**<u>EscapeX Should Dismiss the Action with Prejudice</u>**

EscapeX's infringement theory is not legally tenable because the Federal Circuit has stated in no uncertain terms, "it is axiomatic that that which would literally infringe if later anticipates if earlier." *Bristol-Myers Squibb v. Ben Venue Labs*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) (citation omitted). And Rule 11 states that an attorney who presents a pleading or other paper to the Court certifies by his signature that he has made "inquiry reasonable under the circumstances" and has concluded that his submission: (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," (2) "the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;" and (3) "the factual contentions have evidentiary support or, . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3); *see also e.g., Raylon v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367-68 (Fed. Cir. 2012). Furthermore, a district court can award attorney fees under Section 285 when a litigation is both: (1) brought in subjective bad faith, and (2) objectively baseless. *MarcTec LLC v. Johnson & Johnson,* 664 F.3d 907 (Fed. Cir. 2012). For at least the reasons explained above, the strictures of both Rule 11 and Section 285 preclude EscapeX from asserting the '113 patent against Apple.

Any effort to maintain this case will necessarily require EscapeX to advance allegations contrary to those made in the Complaint. Apple provides this information now so that the parties and the Court may avoid unnecessary expenditure of time and money by disposing of an action that has no colorable basis in law or fact. If Apple is required to expend additional legal fees and costs to defend against objectively baseless allegations of infringement by EscapeX, Apple will seek to recover those fees and costs, and will further seek all other remedies available to it.



Counsel for EscapeX
June 1, 2022
Page 7

Finally, this letter requests that EscapeX preserve all documents, communications, and information maintained in any medium related to the subject matter of the Complaint, including any pre-suit investigation of the alleged infringement, asserted patent, file history, and Apple's products.

While Apple hopes to resolve this matter in an amicable and professional manner, we assure you that we do not take this request lightly, and hope that EscapeX will promptly dismiss the case with prejudice. To that end, Apple requests a formal response to this letter within seven (7) business days.

Very truly yours,

Benjamin C. Elacqua

/vfl

# EXHIBIT 4

| US9009113 B1<br>Claim 27 | Apple Music |
|---|---|
| 27. A computer implemented method for receiving commands from an artist to update a dynamic album at a user device that includes a set of songs stored in relation to and played by an artist specific application associated with the artist, the method being implemented on a computer system having one or more physical processors programmed with computer program instructions that, when executed by the one or more physical processors, cause the computer system to perform the method, the method comprising: |   |

| US9009113 B1 Claim 27 | Apple Music |
|---|---|
| receiving, by the computer system, from the artist, one or more commands that specify a change to be made to the **dynamic album** played at the user device through the **artist specific application** associated with the artist; | <br><br>The reference describes receiving from the artist, one or more commands that specify a change to be made to the dynamic album played at the user device through the artist specific application associated with the artist.<br>• dynamic album = Apple Music radio<br>• artist specific application = TuneCore Music Distribution |

| US9009113 B1 Claim 27 | Apple Music |
|---|---|
| generating, by the computer system, one or more album parameters used to change the **dynamic album** based on the one or more commands; and | ## Play Apple Music radio in Music on Mac<br><br>Apple Music radio features three world-class radio stations (Apple Music 1, Apple Music Hits, and Apple Music Country), as well as a collection of stations based on different genres. These stations provide a great way to explore and enjoy new music or keep up with your favorites.<br><br>You can also create your own custom stations, based on your pick of artist, song, or genre.<br><br>In addition to radio, you can play Apple Music TV, a free, 24-hour curated livestream of popular new music videos that includes exclusive premieres, music video blocks, live shows and events, chart countdowns, and more.<br><br>*Note:* You must be signed in with your Apple ID, but you don't need to subscribe to Apple Music to play live Apple Music radio and Apple Music TV.<br><br><https://support.apple.com/guide/music/mus0456fe22c/1.2/mac/12.0><br><br>The reference describes generating one or more album parameters used to change the dynamic album based on the one or more commands.<br>• **dynamic album = Apple Music radio** |

| US9009113 B1 Claim 27 | Apple Music |
|---|---|
| providing, by the computer system, the one or more album parameters to at least the user device remote from the computer system at which the **artist specific application** is installed, wherein the one or more album parameters cause the user device to change the **dynamic album** in association with the **artist specific application** without intervention by a user of the user device. |  |

| US9009113 B1<br>Claim 27 | Apple Music |
|---|---|
| |  |

# EXHIBIT 5



Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010

713 654 5300 main
713 652 0109 fax

**VIA EMAIL**

July 27, 2022

Benjamin C. Elacqua
Principal
Elacqua@fr.com
713 654 5324  direct

William P. Ramey, III
Jeffrey Kubiak
Kyril V. Talanov
Ramey LLP
5020 Montrose Blvd.
Suite 800
Houston, TX 77006

Re:     *EscapeX IP LLC v. Apple Inc.*, USDC Western District of Texas (Case No. 6:22-cv-00427)

Dear Counsel,

Thank you for the meet and confer on Thursday, July 21, during which EscapeX confirmed that it will only proceed, if at all, with only claim 27 and its dependents of U.S. Patent 9,009,113 (the '113 Patent).

We have reviewed EscapeX's new claim chart against claim 27, which continues to accuse the prior art. Setting aside concerns as to whether EscapeX had a proper basis to file the complaint (which did not assert claim 27), EscapeX's new chart continues to accuse features that were all present in the iTunes prior art. Specifically, EscapeX's infringement contentions on claim 27 accuses the prior art feature of iTunes's compatibility with Tunecore for music distribution. Public documents reflect that iTunes was compatible with at least Tunecore to enable artist specific music distribution years before the priority date of the asserted patent. *See, e.g.*, https://www.tunecore.com/blog/2012/10/10-tips-for-getting-featured-on-itunes.html; https://web.archive.org/web/20070628230105/http://www.tunecore.com/; https://www.tunecore.com/blog/2013/04/new-daily-itunes-trend-reports-what-they-are-5-ways-to-use-them.html.

EscapeX's new chart also accuses Apple Music radio, but iTunes Radio provides this same feature (*e.g.*, radio access) well before the priority date of the asserted patent. *See, e.g.*, https://www.engadget.com/2013-09-10-itunes-radio-launches-september-18th.html; https://www.theverge.com/2013/6/10/4413228/apple-wwdc-2013-everything-you-need-to-know; https://support.apple.com/hc/en-us/articles/115006692488-What-is-iTunes-Radio-. As such, all of the features that EscapeX accuses in its new chart are still in the prior art. Citing documents that postdate the asserted patent does not negate the reality that each of these newly-accused features are prior art. Should EscapeX persist in asserting any claim of the '113 Patent against Apple, Apple will be forced to seek sanctions and all remedies available by law pursuant to at least Fed. R. Civ. P. 11 and 35 U.S.C. § 285. Thus, we again demand that EscapeX dismiss this case with prejudice by no later than July 29, 2022.



William P. Ramey, III, Jeffrey Kubiak, Kyril V. Talanov
July 27, 2022
Page 2 of 2

Apple reserves all rights and defenses if it should need them. We look forward to your response during our upcoming meet and confer.

Regards,

*/s/ Benjamin C. Elacqua*

Benjamin C. Elacqua

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| ESCAPEX IP LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:22-cv-00427 |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

## ORDER

The Court, having examined the briefing on Defendant, Apple Inc.'s Motion to Dismiss

Pursuant to Federal Rules of Civil Procedure 12(b)(6), finds that the Motion should be GRANTED.

It is so ORDERED.

SIGNED this _____ day of September, 2022.


_____
HON. ALAN ALBRIGHT
UNITED STATES DISTRICT COURT