Susan S.Q. Kalra (State Bar No. 167940)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

William P. Ramey, III (*pro hac vice anticipated*)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
ESCAPEX IP, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ESCAPEX IP, LLC,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No.: 4:22-cv-08711-HSG

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

**Hearing Date: June 29, 2023**
**Time: 2 p.m.**
**Dept.: 2**
**Judge: Hon. Haywood S. Gilliam, Jr.**

**Date Filed: April 28, 2022**
**Trial Date: None set**

## TABLE OF CONTENTS


I. INTRODUCTION ..... 5

II. FACTS ..... 5

A. Google Filed A Single Motion – Not Addressed to the Pleadings ..... 5

B. EscapeX Is A Duly Registered Entity ..... 6

C. EscapeX's Pleadings and Google's Correspondence ..... 6

D. Other Cases, Even Those Filed by EscapeX's Counsel, Do Not Support Google's Motion ..... 9

E. Dismissal of the Instant Case ..... 10

III. ARGUMENT ..... 10

A. Google Is Not The Prevailing Party ..... 10

B. This Case Is Not Exceptional ..... 11

IV. GOOGLE FAILS TO DEMONSTRATE THAT THE FEES ITS SEEKS ARE WARRANTED OR REASONABLE ..... 13

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Cases**

*Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. 11-303-PSG (PLAX), 2012 WL 12883819 (C.D. Cal. June 12, 2012): ........ 13

*Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111 (C.D. Cal. 2015) ........ 11

*Chalmers v. City of Los Angeles*, 796 F.2d 1205 (1986) ........ 13

*East West Bank v. Shanker*, No. 20-cv- 07364-WHO, 2021 WL 6049912 (N.D. Cal. Dec. 20, 2021) ........ 14

*France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2015 WL 4396201 (N.D. Cal. July 17, 2015) ........ 12

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369 (Fed. Cir. 2015) ........ 11

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........ 13

*In re Brand Affinity Tech., Inc.*, No. 8:14-bk-17244, 8:15-ap-01395, 2016 WL 8309669 (C.D. Cal. Bankr. April 29, 2016) ........ 13

*MacDougal v. Catalyst Nightclub*, 58 F. Supp. 2d 1101 (N.D. Cal. 1999) ........ 14

*Natural-Immunogenics Corp. v. Newport Trial Group*, No. 8:15-cv-02034, 2020 WL 7265418 (C.D. Cal. Oct. 7, 2020) ........ 14

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) ........ 11, 12

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*, CV 19-6359-GW, 2020 WL 8024356 ........ 10

*Red v. Kraft Foods, Inc.*, No. 10-1028-GW, 2015 WL 12670201 (C.D. Cal. Apr. 29, 2015) ........ 13

*RideApp, Inc. v. Lyft, Inc.*, No. 18-cv-07152-JST, 2020 WL 1047378 (N.D. Cal. Feb. 24, 2020) ........ 12

*Serrano v. Unruh*, 32 Cal. 3d 621 (1982) ........ 13

*Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-cv-651 JLS (MDD), 2018 WL 325025 (S.D. Cal. Jan. 8, 2018) ........ 14

*Thought Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2016 WL 4426889 (N.D. Cal. Aug. 22, 2016); ........ 12

*Uniloc 2017 LLC v. Microsoft Corp*., No. 18-cv-02053-JLS-(JDEx) 2019 U.S. Dist. LEXIS 236197 (C.D. Cal. Sept. 9, 2019) .......... 10

*Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317 (Fed. Cir. 2017) .......... 11

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331 (C.D. Cal. 2015) .......... 14

*Vasudevan Software*, 2015 WL 940635 .......... 12

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) .......... 14

**Rules**

Fed. R. Civ. P. 41(a)(1)(A)(ii) .......... 6

**Statutes**

35 U.S.C. § 285 .......... 5, 11

## I. INTRODUCTION

Defendant GOOGLE LLC's ("Google") Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285 (ECF 41) ("Google's Motion") is based on speculation, conjecture, and mischaracterization. Moreover, Google's Motion fails to demonstrate that this case is a rare case warranting imposition of attorneys' fees under 35 U.S.C. § 285. Google's Motion should be denied in its entirety.

Google's Motion repeats four arguments: 1) that Escapex failed to undertake a reasonable pre-suit investigation; 2) that Google told Escapex that a "newly accused" feature, Auto Add, predated the asserted patent; 3) that Escapex dismissed a different case against a different defendant in a different court, to avoid an unfavorable ruling on a pending motion to dismiss; and 4) that Google sent a letter arguing its reasons why it believed Escapex should dismiss its pending Complaint, and advising that it would file a motion to transfer the case to this District.

Repetition does not make an argument true. Nor does Google's speculation regarding Escapex's actions rise to the level of facts.

## II. FACTS

### A. Google Filed A Single Motion – Not Addressed to the Pleadings

This was a short-lived case in which Google filed a single motion before filing its current Motion for fees. In fact, the only other substantive filings by Google were six-page long answers to Plaintiff ESCAPEX IP, LLC's ("Escapex") amended complaints – which were nearly identical (ECF 9 and 17; Ex. A to Kalra Decl.[1]).

Escapex filed its original Complaint for infringement of U.S. Patent No. 9,009,113 on April 28, 2022 (ECF 1). On May 11, 2022 Google filed a short unopposed Notice of Extension of Time To File Answer or Otherwise Respond to Complaint (ECF7).

---

[1] Declaration of Susan Kalra, filed herewith.

Escapex filed its First Amended Complaint on May 23, 2022 (ECF 8), and Google filed an Answer on July 5, 2022 (ECF 9). On September 29, 2022 Escapex filed a Second Amended Complaint (ECF 15), and Google filed its Answer on October 17, 2022 (ECF 17).

On November 21, 2022, Google filed a motion to transfer the case to this District pursuant to 28 U.S.C. § 1404(a) (ECF 18). The motion raises issues that one would anticipate would be addressed in such a motion: i.e., the convenience of witnesses, location of evidence, and private and public interest factors.

Notably, Google never filed a motion directed to the sufficiency of the allegations of Plaintiff's pleadings in this case. Google did not file a motion to dismiss. Google did not file a motion for summary judgment. Google did not file a motion for judgment on the pleadings.

Judge Alan D. Albright granted Google's motion to transfer the case to this Court on December 11, 2022. On March 3, 2023, shortly after a California attorney joined Plaintiff's counsel's practice, Escapex filed a Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (ECF 37).[2] Google complained about the filing, and then filed a Joint Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (ECF 40) a few days later, on March 7, 2023.

**B. EscapeX Is A Duly Registered Entity**

As Exhibit 1 to the Declaration of Brian Banner (ECF 41-1, 41-2) demonstrates, Plaintiff ExcapeX was formed before Plaintiff's Complaint was filed. Google does not, and cannot argue, that there was any question that Plaintiff had standing as of the date the case was filed in the Western District of Texas.

**C. EscapeX's Pleadings and Google's Correspondence**

Google's letter to Plaintiff's counsel dated August 5, 2022 (Ex. 4 to Banner Decl. (ECF 41-5)) explains that the claim charts attached to EscapeX's First Amended Complaint accused

---

[2] The circumstances surrounding this filing and the subsequent withdrawal of it will be addressed below.

YouTube Video of infringing the ’113 patent. Google’s letter includes the following annotated screenshot as an illustration:

> of YouTube Video.[1] Indeed, the screenshots in EscapeX’s own claim chart[2] show the “Auto add” feature as relating to *videos*—not music. For example, the “Auto add” setting dialogue in Plaintiff’s chart refers to adding “videos” to playlists:




(ECF 4-5, at p. 3.)

The remainder of Google’s August 5, 2022 letter raises additional arguments as to why Google believed it did not infringe Plaintiff’s ’113 patent. However, even a cursory review of the arguments raised in the letter reveal that Google’s statements are just that – argument. For example, Google argues, without support, that YouTube Music is not an “Artist Specific Application” (*id.*, at p. 4). Whether this can be construed to mean *at least one artist* remains an open question.

Similarly, as discussed below with respect to Google’s November 7, 2022 letter, other claimed features would also be subject to claim construction. Whether the YouTube Video artist videos such as “Taylor Swift Greatest Hits Full Album - Best Songs Of Taylor Swift Playlist 2021" and "Billboard Hot 100 Top Singles This Week 2022 - Top Billboard 2022", or others that predate them, use a “dynamic playlist” and, moreover, what that term means,

Notably, although EscapeX served its preliminary infringement contentions in the case (Ex. 6 to Banner Decl. (ECF 41-7)), Google never served invalidity contentions. Moreover, the case did not proceed to claim construction. Therefore, construction of the terms of the ’113

patent, including but not limited to “artist specific application”, is a matter of claim construction, at best.

Furthermore, in response to Google’s August 5, 2022 letter, EscapeX amended its claim charts (Ex. 5 to Banner Decl. (ECF 41-6)). In the transmittal email, ExcapeX’s counsel invited Google’s counsel to review the claim chart and to discuss EscapeX’s position (*id.*). EscapeX then filed its Second Amended Complaint (ECF 15). As had been attached to EscapeX’s earlier email, the claim charts attached to the Second Amended Complaint mapped the elements of Claim 1 of the ’113 patent to YouTube *Video*, which, as Google admitted in its letter, “auto add” was, in fact, a feature of YouTube Video.

In response to EscapeX’s Second Amended Complaint, Google did not file a motion to dismiss. Instead, it again filed an Answer (ECF 17),

Google’s November 7, 2022 letter (Ex. 7 to Banner Decl. (ECF 41-8)) argues that YouTube Video does not infringe the ’113 patent, and also argues that EscapeX’s operative Complaint accuses prior art of infringement.

Google’s arguments (Google’s Motion at pp. 5-7; Ex. 7 to Banner Decl. (ECF 41-8)) with respect to the “auto add” feature and the claims of non-infringement are, at best, a matter of claim interpretation. For instance, the videos referenced on page 6 of Google’s Motion do not disclose the ’113 patent’s distinguishing feature: i.e., "played by an artist specific application associated with an artist". Furthermore, the auto-add feature infringed the ’113 patent between the patent’s priority date and its retirement. Moreover, the arguments regarding whether and when YouTube Video had “dynamic playlist” capability would be another matter for claim construction and a tutorial. The screen-shotted videos in Google’s letter (ECF 41-8, 41-9) "Taylor Swift Greatest Hits Full Album - Best Songs Of Taylor Swift Playlist 2021" and "Billboard Hot 100 Top Singles This Week 2022 - Top Billboard 2022 are clearly dated after the priority date of the ’113 patent, and it appears that the videos use any kind of Dynamic Playlist whatsoever.

### D. Other Cases, Even Those Filed by EscapeX's Counsel, Do Not Support Google's Motion

Google makes much of other litigation involving the '113 patent, the number of cases filed against Google for patent infringement, and even the number of cases filed by EscapeX's counsel. Those arguments are unavailing.

First, Judge McMahon's September 8, 2022 statement in the *Digital Trends* New York case (Motion at p. 7; ECF 41-8) do not support Google's argument regarding EscapeX's knowledge that the '113 patent was invalid/ Judge McMahon's Order (Ex. B to Kalra Decl.) noted that there was a pending motion to dismiss in that case that "raises serious *Alice* issues." However, the motion was never adjudicated, and EscapeX voluntarily dismissed the case shortly after the Order was issued. Google's reliance on a statement in the Order that her decision "may affect cases relating to the same patent" against different defendants in the same court amounts to little more than speculation. Judge McMahon never adjudicated the motion. Nor does the *EscapeX v. Apple* motion (Google's Motion at p. 15) support Google's position here: the motion attached to Mr. Banner's Declaration as Exhibit 15 addresses claims made against *Apple* – not as against Google.

The number of cases Plaintiff's counsel has filed against Google (Motion, p. 19, fn. 7) has no bearing on whether *this* case is exceptional. The cases cited span several years and involve different patents and different plaintiffs. Furthermore, assuming the number of cases in Google's Motion is correct, only 5% if the patent infringement cases filed against Google that are currently open have been filed by Plaintiff's counsel. (Ex. C to Susan Kalra Decl., filed herewith.)

Moreover, the simple fact that Plaintiff's counsel files a number of cases on behalf of plaintiffs, including EscapeX (or DynaIP) or other plaintiffs is not surprising. There is nothing improper about specializing in patent cases. Nor does dismissing cases when warranted point to anything improper. A search of William Ramey's name will demonstrate that he has litigated

cases vigorously, through the appeal process when warranted. Defendants rely on speculation and conjecture in arguing otherwise.

### E. Dismissal of the Instant Case

As Google notes in its Motion, on January 4, 2023, Judge Fuhrman invalidated the ’113 patent in *EscapeX IP LLC v. Block Inc.* (Motion, at p. 9). By that time, this case had been transferred to this Court. As set forth above, the *only* motion Google filed in this case was the motion to transfer – it did not file any motions addressed to the pleadings.

Following receipt of Google’s November 7, 2022 letter and the *Block* order, and after consultation with the client, Plaintiff agreed to dismiss the case. Ramey LLP hired an attorney licensed in California in February 2023. A miscommunication resulted in the filing of the Stipulation of Dismissal (see Kalra Declaration). As soon as Plaintiff’s counsel was made aware of the situation, the Stipulation was immediately withdrawn (ECF 38). Shortly thereafter, a Joint Stipulation was filed, and the case was terminated (ECF 40).

## III. ARGUMENT

### A. Google Is Not The Prevailing Party

A stipulated voluntary dismissal under Rule 41(a)(1)(A)(ii) does not confer prevailing party status on a litigant. *Realtime Adaptive Streaming LLC v. Netflix, Inc*., CV 19-6359-GW 2020 WL 8024356,citing *Uniloc 2017 LLC v. Microsoft Cor*p., No. 18-cv-02053-JLS-(JDEx), 2019 U.S. Dist. LEXIS 236197 (C.D. Cal. Sept. 9, 2019) (Guilford, J.) (is not judicially sanctioned and thus does not convey prevailing party status). The parties here filed a Joint Stipulation of Dismissal. Accordingly, Google is not a prevailing party/

**B. This Case Is Not Exceptional[3]**

For the Court to award attorneys' fees pursuant to 35 U.S.C. § 285, the Court must first find that this case is "exceptional" - that is, one "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

Indeed, an exceptional case is "rare." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Supreme Court defines exceptional "by its ordinary meaning, i.e., 'uncommon, rare, or not ordinary.'" District courts have discretion to decide which cases are "exceptional" after considering the totality of the circumstances using a "nonexclusive list of factors, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"

Fee awards, however, are not to be used as a penalty against unsuccessful patentees for failure to win a patent infringement suit. " *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015). "In other words, fees are not awarded solely because one party's position did not prevail." Such a rule would run afoul of the Supreme Court's mandate that Section 285 requires a case "stand[] out from the other" and "would have negative implications for access to justice." *Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111, 1114-15 (C.D. Cal. 2015); *Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317 (Fed. Cir. 2017) (In general, the case must "set itself apart from mine-run cases" such that a fee award is warranted.) (citing *Octane Fitness*, 134 S. Ct. at 1757). By definition, "exceptional" cases are "uncommon," "rare," or "not ordinary." *Octane Fitness*, 134 S. Ct. at 1756. Exceptionality must be demonstrated by a preponderance of the evidence. *Id.* at 1758.

---

[3] Although Google's Notice of Motion purports to seek fees under the Court's inherent powers, its memorandum does not raise the issue. Google should not be permitted to raise this argument in its reply.

Generally, 'where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless claims.'"

Furthermore, a party's "unreasonable manner" of litigating under *Octane Fitness* has usually concerned "egregious" examples of litigation *misconduct*. *Vasudevan Software*, 2015 WL 940635 at *5; *accord*, *RideApp, Inc. v. Lyft, Inc.*, No. 18-cv-07152-JST, 2020 WL 1047378 at *2 (N.D. Cal. Feb. 24, 2020); *cf. also Thought Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2016 WL 4426889 at *4-5 (N.D. Cal. Aug. 22, 2016); *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2015 WL 4396201 at *3-4 (N.D. Cal. July 17, 2015) ("good faith zealous advocacy [is] not exceptional").

Egregious conduct has been found where, for example, a patent had been obtained through false declarations; post-trial motions sought to relitigate the case that had concluded; a preliminary injunction was brought on an already-rejected theory; and, in one case, plaintiffs knew before filing suit they might not even own the patent, manufactured a venue argument, prejudiced the defendant with untimely documents and infringement contentions, and "played fast and loose" with the rules. *Vasudevan*, 2015 WL 4940635 at *5.

In this case, Plaintiff has litigated its case within the bounds of proper litigation conduct, vigorously representing EscapeX. Plaintiff addressed the concerns raised in Google's correspondence, even submitting claim charts before filing an amended complaint. EscapeX was not required to oppose Google's motion to transfer, and there was nothing improper about not filing an opposition. Google filed a notice of nonopposition, as it was entitled to do.

Moreover, once the patent had been invalidated in *Block*, Plaintiff dismissed the case shortly thereafter.

Google's Motion insists that EscapeX should have simply accepted the former's interpretation of the claims, without the benefit of claim construction, and without litigating construction of the terms and the patent claims. Until the patent was invalidated by the *Block* court, EscapeX's patent was entitled to a presumption of validity. EscapeX simply attempted in good faith to enforce its patent rights. Google has not provided any facts to the contrary.

## IV. GOOGLE FAILS TO DEMONSTRATE THAT THE FEES ITS SEEKS ARE WARRANTED OR REASONABLE

EscapeX believes that Google is not entitled to an award of attorney fees under the facts presented here. Moreover, Google failed to provide any evidence to support the conclusory assertions in Mr. Banner's declaration regarding the time spent by counsel on the matter.

The party seeking fees "bears the burden of submitting detailed time records" establishing the hours spent. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (1986). A reduction in the hours may be necessary "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.* As the U.S. Supreme Court instructed: "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

To determine whether fees claimed are reasonable or require reduction, courts are to "carefully review attorney documentation of hours expended" because "'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *In re Brand Affinity Tech., Inc.*, No. 8:14-bk-17244, 8:15-ap-01395, 2016 WL 8309669 at *2 (C.D. Cal. Bankr. April 29, 2016). Indeed, if the padding is extreme, a court may "reduce the award or deny one altogether." *Red v. Kraft Foods, Inc.*, No. 10-1028-GW, 2015 WL 12670201 at *4 (C.D. Cal. Apr. 29, 2015), *aff'd*, 680 F. App'x 597 (9th Cir. 2017). The rationale for an outright denial in such circumstances was explained in *Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, No. 11-303-PSG (PLAX), 2012 WL 12883819 (C.D. Cal. June 12, 2012):

[I]f the Court "were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encourage[d] to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful." *Id.* at *4 (quoting *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982)).

Tasks for which attorneys have submitted claims for fees that courts have reduced or disallowed as examples of inefficient, inflated billings include "intra-office conferences," "case analysis," and use of recycled "boilerplate" in motions. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007). Courts have also reduced attorney time where a series of motions involved the same or overlapping issues. *Natural-Immunogenics Corp. v. Newport Trial Group*, No. 8:15-cv-02034, 2020 WL 7265418 at *10 (C.D. Cal. Oct. 7, 2020). The use of senior attorneys to perform tasks that could be delegated to more junior attorneys or paralegals at lower rates has also been recognized as an inefficiency requiring reductions. *See, e.g., MacDougal v. Catalyst Nightclub*, 58 F. Supp. 2d 1101, 1105 (N.D. Cal. 1999) ("the Court does not approve of '[t]he wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates.'"). Senior attorneys' involvement in a case is expected to result in *fewer* hours spent, due to their greater expertise and familiarity with the issues, not an excuse for increasing the price of performing ordinary tasks an associate or paralegal could handle. *Cf., e.g., East West Bank v. Shanker*, No. 20-cv- 07364-WHO, 2021 WL 6049912 at *6 (N.D. Cal. Dec. 20, 2021) ("with such high rates comes an expectation of greater efficiency"). Routinely assigning multiple attorneys to attend hearings and depositions has also been recognized as excessive and requiring reductions. *See Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1338 (C.D. Cal. 2015). It is also inappropriate to include fees for time attorneys spent getting up to speed on the case. *See, e.g., Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-cv-651 JLS (MDD), 2018 WL 325025 at *9 (S.D. Cal. Jan. 8, 2018), *aff'd sub nom. Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347 (Fed. Cir. 2019).

However, none of the foregoing excesses or improprieties can be found if the party seeking fees fails to submit evidence sufficient for the Court to tell how the time was spent. Here, Google did not submit any of the underlying records for the time its counsel allegedly spent working on the case. Instead, it submitted a summary in counsel's declaration. There was

no reason for Google to fail to produce the underlying records. It should be prohibited from doing so with its reply, because Plaintiff will not have the opportunity to respond.

**CONCLUSION**

For the reasons set forth above, Google's Motion should be denied in its entirety.

Dated: April 19, 2023

Respectfully submitted,

RAMEY LLP

*/s/ Susan S.Q. Kalra*

Susan S.Q. Kalra (State Bar No. 167940)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941
Email: skalra@rameyfirm.com

*/s/ William P. Ramey, III*

William P. Ramey, III (pro hac vice anticipated)
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175
Email: wramey@rameyfirm.com

Attorneys for Plaintiff
ESCAPEX IP, LLC