UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCAPEX IP LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>GOOGLE LLC,<br><br>              Defendant. | Case No.  22-cv-08711-VC<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285**<br><br>Re: Dkt. No. 41 |

      The motion for attorneys' fees is granted. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the arguments made by the parties.

      Google is the prevailing party because the parties stipulated to the dismissal of EscapeX's claims with prejudice. *United Cannabis Corporation v. Pure Hemp Collective, Inc.*, 66 F.4th 1362, 1367–68 (Fed. Cir. 2023). And Google has met its burden to show that this is an exceptional case under the meaning of the fee-shifting statute.

      It is obvious that EscapeX conducted no serious pre-suit investigation and that this case was frivolous from the start. EscapeX's initial and first amended complaints cobbled together features from two different YouTube products to allege infringement of its purported patent. *See* Dkt. Nos. 1, 8. When alerted to this fact by Google—a fact that a basic pre-suit investigation would have uncovered—EscapeX amended its complaint to assert its infringement claim only against the YouTube Video product. *See* Dkt. No. 15. But EscapeX's infringement contentions asserted a priority date of October 21, 2014. Dkt. No. 41-7. A basic online search would have revealed that the accused "Auto Add" feature predated EscapeX's patent. *See* Dkt. No. 41-8 at 2.

      Google placed EscapeX on notice of the baselessness of its claim early and often, urging

it to dismiss the case. *See* Dkt. Nos. 41-5; 41-8; 41-9; 41-10; 41-11; 41-12. But EscapeX pressed on. In fact, even after Judge Furman declared the '113 patent invalid in January 2023, EscapeX waited another month and a half before dismissing this case. *See EscapeX IP LLC v. Block, Inc.*, No. 22-cv-3575-JMF, 2023 WL 373180, at *4–*8 (S.D.N.Y. Jan. 24, 2023). Worse still, when it finally did so, it was by way of a "stipulated" dismissal, with each party to bear its own fees and costs, that Google had not agreed to. Dkt. No. 37; *see also* Dkt. Nos. 41-1 at 8–9; 41-15. Although this case would be exceptional under section 285 in any event, ExcapeX certainly poured dirt on itself by engaging in this litigation misconduct. The attorneys for EscapeX are lucky that Google did not separately ask the Court to impose sanctions on them. *See Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956, 964 (N.D. Cal. 2015) ("[lawyers] could be held jointly and severally liable under Rule 11 for an entire section 285 fee award if they file such an objectively baseless patent infringement suit in the future.").

This was, in short, an effort to force a modest settlement by pestering a tech giant with a frivolous suit on the assumption that the tech giant will prefer to capitulate than fight back. Indeed, EscapeX and its parent company DynaIP have a history of bringing frivolous suits for this purpose. *See* Dkt. No. 41 at 15–16 (collecting cases); *see also* Dkt. No. 41 at 9 n.2 & 24 n.8. EscapeX is ordered to reimburse Google in the amount of $191,302.18. *See* Dkt. Nos. 41-1, 41-28 (requesting and justifying $140,615.73 in fees and costs incurred prior to the filing of this motion); Dkt. Nos. 55-1, 55-2 (requesting and justifying an additional $50,686.45 in fees and costs associated with this motion). The Court is satisfied that the declarations Google has submitted adequately justify this amount (which, in any event, is facially reasonable), and so EscapeX's objections based on Local Rule 54 are overruled. *See* Dkt. No. 56.

**IT IS SO ORDERED.**

Dated: August 16, 2023

_____
VINCE CHHABRIA
United States District Judge