Kate E. Lazarus (SBN 268242)
klazarus@kblfirm.com
Asim M. Bhansali (SBN 194925)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

Additional attorneys listed on signature page.

Attorneys for Defendant
GOOGLE LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESCAPEX IP LLC, | § CASE NO. 3:22-cv-08711-VC |
| | § |
| Plaintiff, | § **GOOGLE LLC'S NOTICE OF** |
| | § **MOTION AND MOTION FOR** |
| v. | § **ATTORNEYS' FEES PURSUANT TO 35** |
| | § **U.S.C. § 285, 19 U.S.C. § 1927, AND THE** |
| GOOGLE LLC, | § **COURT'S INHERENT POWERS** |
| | § |
| Defendant. | § <u>Hearing</u> |
| | § Date: January 11, 2024 |
| | § Time: 10 a.m. |
| | § Judge: Hon. Vince Chhabria |
| | § |
| | § Date Filed: November 13, 2023 |
| | § Trial Date: N/A |

**TABLE OF CONTENTS**

I. Introduction ............................................................................................................. 1

II. Statement of facts .................................................................................................. 3

III. Legal Standard ....................................................................................................... 4

    A. 28 U.S.C. § 1927 ......................................................................................... 4

    B. The Court's Inherent Powers to Impose Sanctions and Hold Attorneys Jointly and Severally Liable for Fee Awards ........................................ 5

    C. 35 U.S.C. § 285 ........................................................................................... 6

IV. Argument ................................................................................................................ 6

    A. EscapeX's Attorneys Should be Sanctioned Under 28 U.S.C. § 1927 ......................................................................................................... 6

        1. EscapeX's Motion was Frivolous ................................................. 6

        2. EscapeX Compounds Its Error by Refusing to Engage with Google ......... 7

    B. EscapeX's Attorneys Should Also Be Sanctioned and Held Jointly and Severally Liable Pursuant to the Court's Power to Impose Sanctions for Civil Contempt ................................................................. 9

    C. Additional Fees are Warranted Under § 285 Because EscapeX and its Attorneys' Actions Continue to be Unreasonable ........................................... 10

V. Conclusion ........................................................................................................... 11

# **TABLE OF AUTHORITIES**

Cases

*AFD Fund v. Sill*,
   No. CIV.A. 303CV0291H, 2003 WL 22466202 (N.D. Tex. Oct. 22, 2003) ............................. 5

*Allen v. Campbell*,
   Case No. 4:20-cv-00218-DCN, slip op. (D. Ida. May 5, 2022) ................................................ 5

*Bailey v. Cty. of Riverside*,
   414 F.3d 1023 (9th Cir. 2005) ................................................................................................. 1

*Barnd v. City of Tacoma*,
   664 F.2d 1339 (9th Cir. 1982) ............................................................................................. 2, 4

*Donovan v. Burlington N.*,
   781 F.2d 680 (9th Cir. 1986) .............................................................................................. 5, 10

*Gen. Signal Corp. v. Donallco, Inc.*,
   787 F.2d 1376 (9th Cir. 1986) ............................................................................................ 5, 10

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017) ................................................................................................................. 5

*Gust, Inc. v. Alphacap Ventures, LLC*,
   905 F.3d 1321 (Fed. Cir. 2018) ............................................................................................... 4

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
   10 F.3d 693 (9th Cir. 1993) ..................................................................................................... 9

*In re Facebook, Inc. Consumer Privacy User Profile Litigation*,
   --- F. Supp. 3d ---, 2023 WL 1871107 (N.D. Cal. Feb. 9, 2023) ............................................. 5

*Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*,
   774 F.3d 935 (9th Cir. 2014) ................................................................................................... 9

*Kaass L. v. Wells Fargo Bank, N.A.*,
   799 F.3d 1290 (9th Cir. 2015) ................................................................................................. 4

*Kilopass Tech., Inc. v. Sidense Corp.*,
   738 F.3d 1302 (Fed. Cir. 2013) ............................................................................................... 2

*Lahiri v. Universal Music & Video Distribution Corp.*,
   606 F.3d 1216 (9th Cir. 2010) ............................................................................................. 6, 8

*Octane Fitness LLC v. Icon Health & Fitness, Inc.*,
   572 U.S. 545 (2014) ............................................................................................................ 2, 6

*Perry v. O'Donnell*,
   759 F.2d 702 (9th Cir. 1985) ................................................................................................. 10

*SFA Sys., LLC v. Newegg Inc.*,
   793 F.3d 1344 (Fed. Cir. 2015) ............................................................................................. 11

*United States v. Bright*,
    596 F.3d 683 (9th Cir. 2010) ................................................................................................. 9

*Zambrano v. City of Tustin*,
    885 F.2d 1473 (9th Cir. 1989) ............................................................................................... 5

**Statutes**

19 U.S.C. § 1927 ............................................................................................................... passim

35 U.S.C. § 285 ................................................................................................................. passim

**Rules**

Civil L.R. 7-2(a), (b)(1) ........................................................................................................ 3, 8

Fed. R. App. P. 4(a)(4)(A)(iv)) ................................................................................................. 8

Fed. R. Civ. P. 54(d)(2) ............................................................................................................ 1

Fed. R. Civ. P. 59(e) ......................................................................................................... 2, 3, 7

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on January 11, 2024, at 10 a.m., or as soon thereafter as this matter may be heard by the Honorable Vince Chhabria in Courtroom 4, Floor 17, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC will and hereby does move the Court under 19 U.S.C. § 1927, the Court's inherent powers, and 35 U.S.C. § 285 for an order granting Google its reasonable attorneys' fees incurred in this litigation, in particular with respect to responding to Plaintiff EscapeX LLC's Motion to Amend Judgment (Dkt. No. 59). Google bases its motion on this notice, the accompanying memorandum of points and authorities, the supporting declarations of Brian C. Banner and Asim Bhansali, all pleadings and documents on file in this action, and other such materials or arguments as the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to Rule 54(d)(2), Google moves for attorneys' fees pursuant to 19 U.S.C. § 1927, the Court's inherent powers, and 35 U.S.C. § 285.[1] For the reasons set forth below, Google respectfully requests that the Court enter an order awarding fees and costs incurred in responding to EscapeX's frivolous motion to amend judgment as well as the fees and costs incurred in bringing this second motion for fees. Google requests the Court further order that such additional fees and costs be taxed, jointly and severally, against EscapeX and its attorneys, William Ramey and Susan Kalra. Further, Google requests that the Court, subject to its inherent power, extend its previous fees award (Dkt. No. 59) to tax those fees and costs, jointly and severally, against EscapeX and its

---

[1] Rule 54(d)(2) requires a motion for attorneys' fees "be filed no later than 14 days after the entry of judgment." Because this motion relates to EscapeX's filings after the judgment and dismissal of the case, Google was unable to move within 14 days after entry of the judgment, but is moving within 14 days of entry of the order related to the underlying conduct. *See Bailey v. Cty. of Riverside*, 414 F.3d 1023, 1024 (9th Cir. 2005) (fees motion timely when filed within 14 days after resolution of a Rule 59 motion).

1

attorneys as a deterrence against further frivolous conduct that wastes the Court's limited resources.

The Court can award fees and sanction attorneys for acting unreasonably and violating the Court's orders under 28 U.S.C. § 1927 and the Court's inherent powers to manage its docket. *Barnd v. City of Tacoma*, 664 F.2d 1339, 1342–43 (9th Cir. 1982). EscapeX and its attorneys' conduct in this case is exactly what these remedies are intended to deter. The Court already determined EscapeX's lawsuit against Google was frivolous from the very start and awarded Google attorneys' fees. Dkt. No. 57. Undeterred, EscapeX and its attorneys filed a frivolous Motion to Amend Judgment (Dkt No. 59), persisting even after Google made clear to counsel for EscapeX that the motion was improper, again forcing Google and the Court to expend needless resources. Indeed, the Court found "EscapeX has wholly failed to meet the Rule 59(e) standard for amending a judgment." Dkt. No. 65.

Additionally, attorneys' fees are available pursuant to 35 U.S.C. § 285 "to compensate a defendant for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013). As the Supreme Court has instructed, when deciding whether to award fees, a court can consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014).

In view of EscapeX's and its attorneys' frivolous Motion to Amend, Google respectfully requests that the Court (i) extend its prior exceptional case finding under § 285 to the motion to amend, (ii) find that EscapeX and EscapeX's attorneys unreasonably and vexatiously multiplied these proceedings by filing the frivolous Rule 59 motion, and, (iii) pursuant to 28 U.S.C. § 1927,

35 U.S.C. § 285, and the Court's inherent powers and power to impose sanctions for civil contempt, award Google its reasonable attorneys' fees and costs to be levied jointly and severally against EscapeX and its attorneys William Ramey and Susan Kalra.

## II. STATEMENT OF FACTS

On August 16, 2023, the Court granted Google's motion for attorneys' fees, finding the case exceptional and awarding fees because "[i]t is obvious that EscapeX conducted no serious pre-suit investigation and that this case was frivolous from the start." Dkt. No. 57 at 1. The Court further put EscapeX and its attorneys on notice that their conduct was so egregious that "[t]he attorneys for EscapeX are lucky that Google did not separately ask the Court to impose sanctions on them." *Id*. at 2. Despite this, on September 13, 2023, EscapeX filed a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59 seeking reversal of the Court's fees Order that was based largely on two declarations submitted by EscapeX's president and an engineer hired to make claim charts. Dkt. No. 59. Neither declaration contained any facts that were unknown to EscapeX prior to Google's first motion for fees. Moreover, in violation of Local Rule 7-2, EscapeX did not notice a hearing date for its motion to amend judgment, and only did so after Google repeatedly raised this issue. Declaration of Brian C. Banner, ¶ 22 ("Banner Decl.").

After reviewing the motion, and in an effort to avoid costly briefing and the waste of Court resources, Google promptly provided EscapeX with long-standing Ninth Circuit precedent demonstrating the baselessness of EscapeX's motion and requested that EscapeX withdraw the motion or, at the very least, meet and confer. Banner Decl. ¶ 15. Having received no response, Google's counsel left a voicemail on September 22 for both Mr. Ramey and Ms. Kalra reiterating Google's request for a meet and confer before needing to file Google's response. Banner Decl. ¶¶ 16–18. EscapeX never responded before Google's deadline and so Google was forced to file its response on September 27. Dkt. No. 61. Google then reached out again to EscapeX's

3

counsel on October 6 and October 9 to try to schedule a meet and confer, which finally happened on October 13—well after the deadline for Google to respond and for EscapeX to file any reply (which it never did). Banner Decl. ¶ 19; Dkt. No. 61-1, ¶¶ 2, 3. When the parties' counsel finally met and conferred,[2] EscapeX refused to withdraw its frivolous motion. On that call, rather than identify any proper basis for its Rule 59 motion, EscapeX's counsel stated that his goal in filing the motion was to supplement the record. Banner Decl. ¶ 20. The Court denied EscapeX's motion on October 30, 2023, finding "EscapeX has wholly failed to meet the Rule 59(e) standard for amending a judgment." Dkt. No. 65.

### III. LEGAL STANDARD

#### A. 28 U.S.C. § 1927

Section 1927 allows courts to sanction individual attorneys[3] for unreasonably and vexatiously multiplying proceedings. 28 U.S.C. § 1927. The attorney may be personally liable for payment of "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id*. Regional circuit law controls § 1927 motions in patent cases. *Gust, Inc. v. Alphacap Ventures, LLC*, 905 F.3d 1321, 1327 (Fed. Cir. 2018). In the Ninth Circuit, § 1927 sanctions must be accompanied by a finding that the sanctioned attorney "acted recklessly or in bad faith or intended to increase costs." *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).

---

[2] Google also gave EscapeX notice that it would seek its fees and costs against EscapeX and its attorneys if it had to respond to EscapeX's motion. Banner Decl. ¶¶ 15–18. The parties met and conferred regarding Google's anticipated fees motion on this same call. *Id*. ¶ 20. Google later followed up after the Court denied EscapeX's motion to ask if EscapeX believed a further meet and confer was needed. *Id*. ¶ 23. EscapeX never responded. *Id*.

[3] In the Ninth Circuit, § 1927 sanctions can be levied against an individual attorney, but not a law firm. *See Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).

4

**B. The Court's Inherent Powers to Impose Sanctions and Hold Attorneys Jointly and Severally Liable for Fee Awards**

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citation omitted); *see also In re Facebook, Inc. Consumer Privacy User Profile Litigation*, --- F. Supp. 3d ---, 2023 WL 1871107, at *20 (N.D. Cal. Feb. 9, 2023) ("A court may impose sanctions under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (citations omitted). For example, "a district court has inherent authority to sanction miscreant attorneys...." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989).[4]

Federal courts can also impose sanctions for civil contempt. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) ("Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both."). A court may award the moving party's attorneys' fees in obtaining the contempt finding as a form of compensatory contempt sanctions. *See, e.g.*, *Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986).

---

[4] Here, two attorneys signed the improper Rule 59 motion: Susan S.Q. Kalra and William P. Ramey, III. Dkt. No. 59 at 9–10. Although Mr. Ramey has not appeared in this Court, that does not limit the court's authority to levy sanctions against him. *See Allen v. Campbell*, Case No. 4:20-cv-00218-DCN, slip op. at *2 (D. Ida. May 5, 2022) (concluding the court could sanction a non-resident attorney using its inherent powers) (citing *Zambrano*, 885 at 1478); *AFD Fund v. Sill*, No. CIV.A. 303CV0291H, 2003 WL 22466202, at *6 (N.D. Tex. Oct. 22, 2003) (holding that "an out-of-state attorney cannot escape sanctions for his failures to comply with the orders of the Court and the requirements of a district…."), *report and recommendation adopted*, No. CIV.A.3:03-CV-0291-H, 2004 WL 51327 (N.D. Tex. Jan. 5, 2004).

### C. 35 U.S.C. § 285

In patent cases, a district court may award reasonable attorney fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. To be entitled to an award under § 285, the prevailing party must prove the case is "exceptional" by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 554. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. In determining whether to award fees, district courts can consider a nonexclusive list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted).

## IV. ARGUMENT

### A. EscapeX's Attorneys Should be Sanctioned Under 28 U.S.C. § 1927

EscapeX's attorneys' blatant disregard of the Court's instructions and their filing of a motion that no attorney could find reasonable based on long-standing and binding case law warrants sanctions under 28 U.S.C. § 1927. "An attorney who unreasonably and vexatiously 'multiplies the proceedings' may be required to pay the excess fees and costs caused by his conduct." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218–19 (9th Cir. 2010) (citing 28 U.S.C. § 1927). EscapeX's attorneys did exactly what § 1927 prohibits.

#### 1. EscapeX's Motion was Frivolous

EscapeX's Motion to Amend Judgment is frivolous, EscapeX having "wholly failed to meet the Rule 59(e) standard for amending a judgment." Dkt. No. 65. EscapeX's attorneys should

6

have known that the motion failed to meet the Rule 59(e) standard. A successful Rule 59 motion requires the movant (1) present the district court with newly discovered evidence, (2) establish the district court committed clear error or made a manifestly unjust initial decision, or (3) establish an intervening change in controlling law. Fed. R. Civ. P. 59(e). EscapeX's motion failed to establish any of these three prongs. *See generally* Dkt. No. 61 at 2–8. Additionally, Google's counsel contacted EscapeX's attorneys on September 19, eight days before Google's opposition was due, to (1) notify EscapeX of the frivolous nature of its motion, and (2) provide binding case law that forecloses EscapeX's attempt to rely on new declarations as "new evidence" in a Rule 59 motion. Banner Decl. ¶¶ 15–18. Thus, EscapeX and its attorneys were on ample notice of the law governing Rule 59 motions and their failure to meet the standard based on Google's communication. Moreover, as demonstrated in Google's opposition, ExcapeX and its attorneys made no attempt to show how the new declarations could possibly meet the Rule 59 standard, something this Court recognized in denying EscapeX's motion as having "wholly failed to meet the Rule 59(e) standard." Dkt. No. 65. EscapeX's attorneys should be sanctioned via an award of Google's attorneys' fees in opposing the motion and in filing this motion to deter EscapeX and its attorneys from filing further frivolous motions.

### 2. EscapeX Compounds Its Error by Refusing to Engage with Google

Google sought to avoid the cost of responding to the frivolous motion by attempting to contact EscapeX's attorneys through both email and telephone before its response was due. Google incurred fees to research the relevant case law and then provided this to EscapeX and its attorneys. Banner Decl. ¶¶ 15–18. As they have done throughout this litigation, EscapeX's attorneys ignored those emails and phone calls until well after Google's opposition was due. *See* Dkt. No. 61-1 ¶¶ 2, 3; Banner Decl. ¶¶ 15–23. When Google's attorneys were finally able to discuss EscapeX's motion

7

with its attorneys, EscapeX's attorneys refused to withdraw the motion citing the need to add to the record. Banner Decl. ¶ 20.

Further, EscapeX and its attorneys did not file a reply in support of its motion. While a reply is not required, considering the totality of EscapeX and its attorneys' actions in this case, the failure to file a reply is additional evidence that EscapeX is indifferent to the result of the motion because its only goal was to try to improperly supplement the record. Banner Decl. ¶ 20. Indeed, when viewed together with its other actions,[5] including its failure to notice a hearing on its motion, EscapeX and its attorneys appear to have filed the motion knowing it was without merit.

"Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding." *Lahiri*, 606 F.3d at 1219. There is no other interpretation of the filing of the Motion to Amend Judgment other than that EscapeX's attorneys acted in bad faith. The motion is blatantly groundless, and counsel failed to comply with the local rules in filing the motion (by not noticing a hearing date), failed to engage in discussions with Google's counsel until well after Google's opposition was due, and failed to file a reply in support of the motion. Each of these actions supports a finding that EscapeX's attorneys acted in bad faith—or at a minimum recklessly—and should be sanctioned and held jointly and severally liable under § 1927 and/or the Court's inherent power.

---

[5] EscapeX's and its attorneys may have sought to delay the consequences of the Court's previous attorneys' fees award by failing to comply with Local Rule 7-2 which requires the movant to notice a hearing date on the assigned judge's calendar. Civil L.R. 7-2(a), (b)(1). Had Google not prompted EscapeX to remedy this deficiency, the motion could have remained pending indefinitely, protecting EscapeX from ever having to file a notice of appeal (which deadline is tolled by filing a Rule 59 motion (Fed. R. App. P. 4(a)(4)(A)(iv))) or paying Google's attorneys' fees.

8

### B. EscapeX's Attorneys Should Also Be Sanctioned and Held Jointly and Severally Liable Pursuant to the Court's Power to Impose Sanctions for Civil Contempt

The Court already told EscapeX—and its attorneys—not to submit additional declarations or submissions opposing Google's motion for attorneys' fees. Dkt. No. 61 at 1–2 ("THE COURT: . . . don't respond to my question by asking to file a declaration" . . . "it's too late to make -- file further declarations or make further arguments"). Yet they did precisely that in their motion to amend. *See generally* Dkt. No. 59. The Court further put EscapeX's attorneys on notice that it would have at least considered sanctions against them in addition to awarding fees against their client. Dkt. No. 57 at 2. As a result, the Court should hold EscapeX and its attorneys in civil contempt for intentional disobedience of a specific and definite court order. *See Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) ("Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.") (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish that the alleged contemnor (1) "violated the court order," (2) "beyond substantial compliance," (3) "not based on a good faith and reasonable interpretation of the order," (4) "by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (quotations omitted). EscapeX and its attorneys violated and did not substantially comply with the Court's instruction **not** to submit additional declarations or arguments by filing the Motion to Amend Judgment *and* accompanying declarations. EscapeX and its attorneys' violation is not based on a good faith and reasonable interpretation of the Court's order because there is no reasonable interpretation other than that the Court **did not** want EscapeX to present additional declarations or arguments. As such, there is clear and convincing evidence EscapeX and its

9

attorneys have failed to substantially comply with the Court's instructions and that the non-compliance was not based on a good faith, reasonable interpretation of the Court's instructions.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal*, 787 F.2d at 1380. A court may award the moving party's attorneys' fees in obtaining the contempt finding as a form of compensatory contempt sanctions. *See, e.g.*, *Donovan*, 781 F.2d at 684 (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)) (recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party") (citation and brackets omitted). Whether to award fees and expenses as a remedial measure in a contempt action is left to the discretion of the court. *Perry*, 759 F.2d at 705.

Because both EscapeX and its attorneys acted in concert to violate the Court's instructions, as a sanction for EscapeX's non-compliance with the Court's previous instructions, EscapeX and its attorneys should be held jointly and severally liable for Google's attorneys' fees, not only the fees incurred in responding to EscapeX's motion to amend judgment, but for all attorneys' fees awarded in conjunction with defending itself against this baseless litigation. *See, e.g.*, *Goodyear Tire*, 581 U.S. at 107 (holding district courts have the inherent power to fashion appropriate sanctions "to achieve the orderly and expeditious disposition of cases").

## C. Additional Fees are Warranted Under § 285 Because EscapeX and its Attorneys' Actions Continue to be Unreasonable

As the Court already acknowledged, Google is the prevailing party for purposes of § 285. Dkt. No. 57 at 1 ("Google is the prevailing party because the parties stipulated to the dismissal of EscapeX's claims with prejudice."). And this Court has likewise found that this case has been exceptional from the start because of EscapeX's determination to pursue a frivolous case. *See* Dkt.

No. 57 at 1. EscapeX continues its pattern of baseless filings with its motion to amend judgment, warranting the award of additional attorneys' fees under § 285. *See* Section IV.A, *supra*. These abuses warrant the Court awarding attorneys' fees under § 285. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015) ("a pattern of litigation abuses . . . is relevant to a district court's exceptional case determination under § 285"). Further, to deter EscapeX from future efforts to evade enforcement of the Court's orders, Google respectfully requests that the Court impose a significant enough penalty to prevent future abuses. *See* Sections IV.A and IV.B, *supra*.

## V. CONCLUSION

Just as EscapeX's lawsuit was frivolous, so too is its Motion to Amend Judgment. As such, Google asks the Court to award Google its attorneys' fees and costs associated with opposing the motion and filing this request for fees, totaling approximately $34,447.65 to date (Banner Decl. ¶ 14), and if the Court deems it appropriate, for its additional fees and costs incurred through the conclusion of this motion. Google asks that these additional fees and costs, as well as the previously awarded fees and costs, be levied jointly and severally against EscapeX and the attorneys who signed the frivolous Motion to Amend Judgment.

Dated: November 13, 2023                KWUN BHANSALI LAZARUS LLP

 

By:    */s/ Brian C. Banner*
      Kate E. Lazarus (SBN 268242)
      klazarus@kblfirm.com
      Asim M. Bhansali (SBN 194925)
      abhansali@kblfirm.com
      KWUN BHANSALI LAZARUS LLP
      555 Montgomery Street, Suite 750
      San Francisco, CA 94111
      Tel: (415) 630-2350

      Of Counsel:

Brian C. Banner (*pro hac vice*)
bbanner@sgbfirm.com
Nellie N. Slayden (*pro hac vice*)
nslayden@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, TX 78701
(512) 402-3550

Attorneys for Defendant
GOOGLE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                 */s/ Brian C. Banner*
                                                 Brian C. Banner
                                                 *Attorney for Defendant*