UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCAPEX IP LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 22-cv-08711-VC<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1927**<br><br>Re: Dkt. No. 66 |

The motion for attorneys' fees is granted. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the arguments made by the parties.

When an attorney unreasonably or vexatiously multiplies the proceedings, courts may require the attorney to personally satisfy "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28. U.S.C. § 1927. To impose sanctions under § 1927, a court must find that the attorney's conduct was at least reckless. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Here, the attorneys for EscapeX acted recklessly by filing a frivolous Rule 59(e) motion that unreasonably multiplied the proceedings of this case.

EscapeX's Rule 59(e) motion—seeking reversal of this Court's previous fee order—argued that reversal was warranted based on newly discovered evidence. *See* Dkt. No. 59. But the evidence EscapeX presented in no way met the standard of newly discovered evidence under Rule 59(e). EscapeX submitted two declarations—one from EscapeX's president and one from an engineer who drafted EscapeX's claim charts—both of which contained information that was already known by EscapeX at the time of Google's original fee motion. Just because EscapeX failed to include these declarations at that time does not mean that they constituted "newly

discovered evidence." *See School District No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). EscapeX also provided no argument explaining why these declarations should have been considered "newly discovered evidence." Other than reciting the legal standard for a Rule 59(e) motion, EscapeX's motion cited no authority for its position that the declarations constituted new evidence. Instead, the motion simply summarized what was in the declarations and raised arguments that could have been made prior to entry of the initial fee award. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). As a result, EscapeX's Rule 59(e) motion was frivolous. And EscapeX's attorneys' refusal to withdraw or amend their motion when informed by Google's counsel of its numerous problems, at a minimum, constitutes recklessness.

Moreover, in its opposition to Google's current attorneys' fees motion, EscapeX argues that it filed its Rule 59(e) motion based on its belief that the original fee order was manifestly unjust. *See* Dkt. No. 73. However, this argument is found nowhere in EscapeX's actual motion. If the basis for the motion was indeed a belief that there was manifest injustice, then that is even more reason to find that EscapeX's attorneys acted recklessly or in bad faith by filing a motion to reconsider on the grounds of newly discovered evidence.

In light of this conduct, Google requests reimbursement for its attorneys' fees and costs in the amount of $92,602.95. *See* Dkt. No. 66 (requesting $34,447.65 in fees and costs incurred in responding to the Rule 59(e) motion and in preparing this fees motion); Dkt. No. 83 (requesting an additional $58,155.30 in fees and costs incurred in filing this fees motion, preparing/filing a reply, and arguing at the hearing). While Google's request for $34,447.65 in connection with responding to the Rule 59(e) motion and preparing this fees motion is facially reasonable, its request for $58,155.30 for its subsequent work is not. It is unreasonable for the cost of filing—as opposed to preparing—a fees motion, preparing and filing a reply brief, and arguing at a 13-minute hearing to be more than 1.5 times greater than responding to a Rule 59(e) motion and preparing a fees motion. Therefore, Google is entitled to reimbursement of its

reasonable attorneys' fees and costs in the amount of $63,525.30 to be levied jointly and severally against EscapeX's attorneys, William P. Ramey, III and Susan S.Q. Kalra.[1]

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____
VINCE CHHABRIA
United States District Judge

---

[1] Google also requests that the previously awarded fees and costs be levied jointly and severally against these attorneys. However, they did not make this request at the time they sought their original attorneys' fees award, making this current request untimely.